**HARLEY-DAVIDSON MOTOR COMPANY, INC., et al.,
Appellants,**

v.

**George YOUNG, Appellee.**

**No. C14–85–506–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 6, 1986.

C.J. Kling and Frank Steelman, Bryan, for appellants.

Bryan F. Russ, Jr., Hearne and Evette M. Correa, College Station, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

JUNELL, Justice.

Appellants, Harley-Davidson Motor Company, Inc. and C.E. Hodde, appeal a summary judgment in favor of appellee, George Young. The suit was originally filed by Young against C.E. Hodde, d/b/a Aggieland Harley-Davidson (Hodde) and Harley-Davidson Motor Company, Inc. (Harley-Davidson) and involved alleged violations of the Deceptive Trade Practices/Consumer Protection Act (DTPA/CPA) concerning repairs on a 1980 Harley-Davidson motorcycle purchased by Young from Hodde. The controlling issue concerns the sufficiency of the summary judgment proof to support the summary judgment. We reverse and remand.

In our consideration of this case we will assume the summary judgment proof in-

cluded admissions by Harley-Davidson by reason of its failure to timely file answers to two sets of requests for admissions and admissions by Hodde by reason of his failure to timely file answers to the first set of requests for admissions submitted to him. We make this assumption although there is great uncertainty in the record before us as to whether the trial court did in fact deem the requests admitted. During the hearing of the motion for summary judgment the trial court stated, "They have not been deemed admitted." Shortly thereafter the court stated, "My understanding of the appellate court's interpretation of the rule is unless they're not filed at all at the time of some decision of the merits, such as trial or a motion for summary judgment, then it's discretionary with the court whether to deem them admitted or not."

In this case the answers were on file at the time of the summary judgment hearing, but the court had not ruled on appellants' motions for leave to make a late filing thereof. The summary judgment signed by the trial court stated that the court considered "admissions on file" along with other things.

For the reasons set forth below we have concluded that the summary judgment against both appellants must be reversed even if we assume the summary judgment proof included all these admissions.

■ In point of error number one Harley-Davidson contends the trial court erred in considering the affidavit of Young in support of appellee's motion for summary judgment because the affidavit contains Young's conclusions and opinions. In its brief before this court Harley-Davidson sets forth two typewritten pages of Young's affidavit statements that Harley-Davidson contends constitute opinions and conclusions. We will not discuss each of those statements separately. We agree, however, with Harley-Davidson's contention that statements of opinions and conclusions made in an affidavit are not competent summary judgment proof and should be disregarded in determining the suffi-

ciency of proof to support the summary judgment. *Hidalgo v. Surety Savings and Loan Association*, 487 S.W.2d 702 (Tex. 1972); *Inwood Forest Community Improvement Association v. R.J.S. Development Company, Inc.*, 630 S.W.2d 751 (Tex. Civ.App.—Houston [1st Dist.] 1982, no writ); *Manges v. Astra Bar, Inc.*, 596 S.W.2d 605 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.); *Booher v. Criswell*, 531 S.W.2d 844 (Tex.Civ.App.—Dallas 1975, no writ); *Schultz v. General Motors Acceptance Corporation*, 704 S.W.2d 797 (Tex.App.—Dallas 1985, no writ).

Appellee argues that Harley-Davidson has waived its contention in this regard because (1) it filed no response to the motion for summary judgment and (2) this contention is an objection to the form of the affidavit and has been waived by failing to make such objection in the trial court. Appellee's argument is without merit.

■ Harley-Davidson's point one attacks the substance, not the form, of the affidavit. Under the supreme court's decision in *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex. 1979) Harley-Davidson, as non-movant, needs no answer or response to the motion for summary judgment to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment. Motions for summary judgment and accompanying summary judgment proof must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right. Even though we will not consider opinions and conclusions stated in Young's affidavit, it is appropriate to consider Young's factual statements; and the trial court did not err in so considering them. Therefore, we overrule Harley-Davidson's point of error number one.

In points of error numbers two through fourteen Harley-Davidson contends the trial court erred in rendering summary judg-

ment against Harley-Davidson for many reasons. We hold the trial court erred in rendering summary judgment against Harley-Davidson.

To understand the matters presented here some factual background is necessary. On April 24, 1981 Young bought from Hodde a new 1980 Harley-Davidson motorcycle manufactured by Harley-Davidson. Hodde was an authorized Harley-Davidson dealer engaged in sales and service of Harley-Davidson motorcycles. At the time of the sale and as a part of the terms of the sale Young was furnished a written "Harley-Davidson Motorcycle Limited Warranty." That written warranty contained the following provisions:

Harley-Davidson warrants to the first purchaser only of our 1980 model motorcycles that our Selling Dealer will repair or replace without charge any parts (except tires and maintenance items) found under normal use in the U.S.A. or Canada to be defective in factory materials or workmanship, and upon the following terms and conditions:

1. The warranty period is six months or six thousand miles, whichever comes first, measured from the date of delivery ...

.   .   .   .   .

5. This warranty does not cover:
(a) parts and labor for normal maintenance as recommended in the applicable Owner's Manual, including such items as the following: ... clutch and chain adjustment (including chain replacement).

.   .   .   .   .

6. Our dealers are independently owned and operated and may sell other products. Because of this HARLEY-DAVIDSON IS NOT RESPONSIBLE FOR THE SAFETY, QUALITY, OR SUITABILITY OF ANY NON-HARLEY-DAVIDSON PART, ACCESSORY OR DESIGN MODIFICATION, INCLUDING LABOR WHICH MAY BE SOLD AND/OR INSTALLED BY OUR DEALERS.

THERE IS NO OTHER EXPRESSED WARRANTY (OTHER THAN EMISSIONS WARRANTY) ON THE MOTORCYCLE. ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS IS LIMITED TO THE DURATION OF THIS WARRANTY. TO THE FULLEST EXTENT ALLOWED BY LAW, HARLEY-DAVIDSON AND ITS DEALERS SHALL NOT BE LIABLE FOR LOSS OF USE, INCONVENIENCE, LOST TIME, COMMERCIAL LOSS OR OTHER INCIDENTAL OR CONSEQUENTIAL DAMAGES.

As to Harley-Davidson the summary judgment proof consisted of the following: (1) admissions made by Harley-Davidson by failing to timely answer two sets of Requests for Admissions; (2) the affidavit of appellee George Young; (3) answers of George Young to interrogatories propounded by appellant Hodde; and (4) the affidavit of appellant Hodde (to the extent that statements made by Hodde do not conflict with admissions made by Harley-Davidson).

By its failure to timely answer the two sets of Requests for Admissions Harley-Davidson has made the following relevant factual admissions:

1. A defective rotor was placed in the motorcycle when it was manufactured.

2. At the time of Young's purchase, the motorcycle contained a defective ignition rotor.

3. Defective workmanship in manufacturing the motorcycle resulted in the ignition timing being set improperly.

4. In about the first week in February, 1982 Young returned the motorcycle to Hodde and informed him of its defective condition.

5. Hodde agreed to make any and all necessary repairs and replacements under warranty with Harley-Davidson parts.

6. The defects in the motorcycle referred to in paragraphs number one,

two and three just above, were not cured by Hodde.

7. When Hodde returned the motorcycle to Young, Hodde assured Young that the motorcycle was repaired.

8. When Hodde returned the motorcycle to Young, Hodde assured Young that all replacements had been performed with authorized Harley-Davidson parts, as warranted.

9. Hodde replaced the authorized Diamond brand primary chain with a worn out Duckworth brand primary chain.

10. The defects in the motorcycle's ignition timing and rotor were the direct cause of the motorcycle's breakdown on or about the first week in February 1982.

11. The defects in the motorcycle's ignition timing and rotor were the direct cause of the motorcycle's breakdown on or about May 14, 1982.

12. On or about May 14, 1982 Young specifically requested Hodde to repair the motorcycle only with authorized Harley-Davidson parts.

13. Hodde used unauthorized replacement parts on the motorcycle.

14. While repairing the motorcycle, Hodde used some parts which were oversized.

15. While repairing the motorcycle, Hodde had to force some parts into position, thereby cracking one of the cyclinder heads.

16. The front cyclinders Hodde placed into the motorcycle had been improperly rebored and were therefore ruined.

17. The back cylinders Hodde placed into the motorcycle had been improperly rebored and were therefore ruined.

18. On or about May 14, 1982 Hodde offered to convert the motorcycle's oil system so that it would comply with Harley-Davidson's 1982 specifications.

19. When Hodde returned the motorcycle to Young, Hodde assured Young that the oil system conversion had been performed with authorized Harley-Davidson parts.

20. Hodde charged Young for the oil system conversion.

21. Hodde never performed such an oil system conversion on the motorcycle.

22. On or about May 14, 1982 Young requested that Hodde repair the motorcycle's sticky clutch.

23. When Hodde returned the motorcycle to Young, Hodde assured Young that the sticky clutch had been repaired.

24. Hodde did not repair the sticky clutch on or about May 14, 1982.

25. On or about May 14, 1982 Hodde informed Young that the motorcycle required a complete engine overhaul.

26. On or about May 14, 1982 Young asked Hodde to perform a complete engine overhaul on the motorcycle.

27. When Hodde returned the motorcycle to Young, Hodde assured Young the engine overhaul had been performed.

28. When Hodde returned the motorcycle to Young, Hodde assured Young only authorized Harley-Davidson parts had been used on the motorcycle.

29. Hodde charged Young for the engine overhaul.

30. The defective ignition rotor was replaced by Hodde on or about May 14, 1982.

31. Improperly set ignition timing caused excessive heat to build up in the motorcycle.

The above listed admissions were binding on Harley-Davidson, and it could not take advantage of any summary judgment proof contrary to such admissions.

In Young's answers to interrogatories propounded by appellant Hodde, Young

stated that at the time of the first breakdown of the motorcycle (February 1982) the motorcycle had been driven 17,524 miles and at the time of the second breakdown in May 1982, it had been driven 24,589 miles.

In Young's affidavit in support of his motion for summary judgment he made the following factual statements:

1. Young observed a defective ignition rotor and defective workmanship in setting the ignition timing (Young gives no date on which he made these observations).

2. In February 1982 Harley-Davidson and Hodde verbally agreed to extend the warranty to cover any necessary repairs with authorized Harley-Davidson parts (presumably this refers to defects referred to in paragraph 1 just above).

3. The motorcycle engine failed on or about the first week in February 1982 and Hodde assured Young he would repair the motorcycle with authorized Harley-Davidson parts, as warranted by Harley-Davidson.

4. When the motorcycle was returned to Young, he was assured by Hodde that the work had been performed as warranted.

5. The motorcycle's engine failed the second time on or about May 14, 1982. Young again contacted Hodde and requested that the motorcycle be repaired. Hodde informed Young that a complete overhaul of both the upper and lower portions of the engine would be required and that the manufacturer would not warrant the work.

6. At that time, May 14, 1982, Young requested that Hodde do a complete engine overhaul, using only authorized Harley-Davidson parts, and a complete conversion of the machine's oil system to meet Harley-Davidson's 1982 specifications.

7. Hodde returned the motorcycle to Young on or about May 20, 1982, and Hodde charged Young for the work.

Hodde represented to Young that all the repair work had been performed on the motorcycle, that it had all been done with authorized Harley-Davidson parts and all the work was performed in accordance with the 1982 Harley-Davidson specifications. The total amount Hodde charged Young was approximately $1,800.

8. The conversion of the oil system to 1982 Harley-Davidson specifications had not been performed.

9. The motorcycle's Diamond brand primary chain had been replaced with a worn out Duckworth brand substitute.

In addition to these factual statements Young's affidavit contains a list of five separate amounts of money he stated he had paid for specified repairs, totalling as follows: $920.67 to rebuild the upper portion of the engine; $97.00 to replace the worn out primary chain; $130.00 to replace the motor mounts and stabilizers; $150.00 to replace a ruined rear tire and $89.05 to clean the clutch.

In the affidavit Young also stated that it would cost him $1,779 to install a 1982 oil system, head fittings, to replace bearings and to repair the lower portion of the engine with 1982 components; or, alternatively, $2,200 to install a new 1982 engine in the motorcycle. He also stated that it would cost him $400 to replace the damaged FLT Fairing.

For several reasons the summary judgment proof is insufficient to support a judgment for these items of claimed damages. There is no competent summary judgment proof that any conduct of Harley-Davidson or Hodde, as detailed in the affidavit, was a producing cause of such damages. Young's affidavit statement to that effect is no more than an opinion or conclusion and cannot be considered competent summary judgment proof. Also, there is no summary judgment proof that the amount of each of the listed repair items was the reasonable, usual or customary charge for such repair. Furthermore, a

number of the listed repair items are specifically excluded from the terms of the written warranty. For example, tire replacements, clutch and chain adjustment and maintenance and chain replacement are all expressly excluded.

■ Finally, Young's affidavit lists several items of claimed damages that he specifically states are incidental and consequential damages. These include $2,000 in business loss by having to close down his business to attend to the motorcycle repairs made by another dealer in Austin, $32 in telephone bills, $100 for food and lodging in Austin and $30 in travelling expense to Austin. These are clearly consequential damages, as appellee concedes, and are not recoverable under the terms of the written warranty. *G–W–L, Inc. v. Robichaux*, 643 S.W.2d 392 (Tex.1982); *Ellmer v. Delaware Mini-Computer Systems, Inc.*, 665 S.W.2d 158 (Tex.App.—Dallas 1983, no writ); *Ganda, Inc. v. All Plastics Molding, Inc.*, 521 S.W.2d 940 (Tex.Civ.App.—Waco 1975, writ ref'd n.r.e.).

■ In this summary judgment the trial court awarded appellee recovery against both appellants of $10,960.16 in additional damages under Tex.Bus. & Com.Code Ann. § 17.50(b)(1). Such additional damages are not recoverable unless the summary judgment proof was sufficient to establish that the "conduct of the defendant was committed knowingly." We hold there was insufficient summary judgment proof to support an award of such additional damages. The only summary judgment proof that the conduct of Harley-Davidson was committed knowingly is the following statement by appellee in his affidavit: "I viewed the conduct of defendants as described in this petition (sic) to be committed knowingly; that is, that defendants were actually aware of the falsity, deception, and unfairness of the conduct about which I complained and they were actually aware of the acts constituting the breach of warranty described above." This statement is nothing more than the opinion and conclusion of the appellee and, as such, is insufficient to support the summary judgment against Harley-Davidson.

Appellant's Harley-Davidson's points two through fourteen are sustained.

In Hodde's appeal from the summary judgment, he brings five points of error (erroneously referred to in his brief as "statements"). In the first three points of error Hodde makes various arguments that the trial court erred in granting the summary judgment against Hodde. These three points of error raise essentially the same contentions made by Harley-Davidson in its appeal.

The holdings made above with respect to Harley-Davidson apply equally as well to appellant Hodde. In fact there are many more reasons why the summary judgment against Hodde cannot stand. The second set of requests for admissions addressed to Hodde were identical to the second set submitted to Harley-Davidson. Hodde had timely filed his answers to the second set of requests for admissions and in such answers had denied thirty-nine of the forty-one requests. Also, Hodde had filed his affidavit in response to appellee's motion for summary judgment and in that affidavit he made statements that clearly raised numerous fact issues. We sustain Hodde's first three points of error.

In his fourth point of error Hodde claims the trial court erred in severing his counterclaim for recovery of attorney's fees under Section 17.50(c) of the DTPA–CPA. It is clear from the order of severance itself that the trial court did not sever that part of Hodde's counterclaim against appellee but severed only Hodde's counterclaim for recovery of $1,800 for repairs to the motorcycle. Hodde's fourth point of error is overruled.

It is not necessary to discuss Hodde's fifth point of error in view of our holdings on his first three points of error. However, we find no merit in point five and it is overruled.

In conclusion, we feel we should say that in our opinion, this is not the type of case that is amenable to summary judgment.

*See* Hittner, Summary Judgments in Texas, 22 Houston Law Review 1109 (1985).

The summary judgment against both appellants is reversed and the cause is remanded for trial on the merits.