Opinion issued July 16, 2009









                    











 In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00833-CV




MAURICE AMIDEI AND SARA AMIDEI, Appellants

V.

HARRIS COUNTY APPRAISAL DISTRICT and HARRIS COUNTY
APPRAISAL REVIEW BOARD, Appellees





On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2007-76047




MEMORANDUM OPINION

          In this ad valorem property tax case, appellants, Maurice and Sara Amidei,
appeal from a summary judgment rendered in favor of appellees, Harris County
Appraisal District (“HCAD”) and the Harris County Appraisal Review Board
(“ARB”) (collectively, “the taxing authorities”), on the Amideis’ claim that the
subject property had been excessively appraised for tax year 2007.
          On appeal, the Amideis present ten issues. In their first through eighth issues,
the Amideis challenge the taxing authorities’ summary judgment evidence on the
grounds that the evidence was improperly presented or that each exhibit was
inadmissible or incompetent to support summary judgment. In their ninth and tenth
issues, the Amideis contend that the trial court erred by “either overruling or failing
to grant” the Amideis’ traditional and no-evidence motions for summary judgment. 
          We affirm.
Summary of Facts and Procedural History
          The Amideis are the owners of homestead property located in Harris County. 
For tax year 2007, HCAD determined the market value of the subject property to be
$127,028 and the appraised value of the property to be $106,590. HCAD assessed
ad valorem taxes on the property based on the appraised value. The Amideis filed an
administrative protest of the market valuation and executed an “Appointment of
Agent” form at HCAD, authorizing O’Connor & Associates to represent them at the
protest hearing before the ARB. Richard Nguyen of O’Connor & Associates 
appeared on behalf of the Amideis. 
          The hearing, as recorded, follows in its entirety:
          [HCAD]:               Okay. The account number is 114831008 ending in
29. Jamie Stanley, I’m under oath.  
          Mr. Nguyen:          My name is Rich Nguyen. I’m also under oath. To
my best knowledge the property was not listed for
sale in 2006. It was currently [sic] listed for sale in
2007, my opinion on it being 23,895—123,895.
          [ARB Member 1]: 123,895?
          Mr. Nguyen:          Yes, sir.
          [ARB Member 1]: Okay. And we’re trying to determine the
(indiscernible) of the—(indiscernible) value of the
home at $123,895. $123,895. [sic]
          [ARB Member 2]: Okay. Thank you, Mr. Arnett. As agreed to by the
agent, we’re going to forego the introduction to the
hearing and go to the appraiser for a description of
the property.
          [HCAD]:               And the property is at 9802 Chiselhurst Drive. It’s
Lot 109, Block 8, built in 1984; 1,831 square feet;
three bedrooms; two full baths; in good condition;
slab foundation; brick exterior wall. The total
market value is $127,028.
          [ARB Member 2]: Okay. Does this describe your property, sir?
          Mr. Nguyen:          Yes, it is.
          [ARB Member 2]: All right. Give us your testimony.
          Mr. Nguyen:          Okay. I just wanted to look at some of these sales in
here. On the evidence summary, there’s two square
footage [sic] that’s a little bit larger than my subject,
which is Number 1 and Number 3. You average
those two out, you arrive at the figure of 122,296. 
Then you look at the I (indiscernible) ratio, it’s
indicating that we are definitely overvalued on my
subject. So, therefore, 123,895 is what I’m asking
from the panel today.
          [ARB Member 2]: Okay. Questions, panel members?
          [ARB Member 1]: None.
          [ARB Member 3]: (Indiscernible.)
          [ARB Member 2]: All right, Ms. Stanley?
          [HCAD]:               I’ll concur to the value.
          [ARB Member 2]: Questions, panel members?
          [ARB Member 1]: No, no questions.
          [ARB Member 3]: No (indiscernible).
          [ARB Member 2]: I presume you have a rebuttal, sir?
          Mr. Nguyen:          No rebuttal required.
          [ARB Member 2]: Okay. So do you concur with that?
          [ARB Member 1]: Concur.
          [ARB Member 3]: Concur.
          [ARB Member 2]: The account ending in 0029—excuse me—the panel
listened to the testimony of the agent and it’s set for
2007 market value at $123,895. And that ends this
hearing.

 

           Following the hearing, the ARB issued an “Order Determining Protest” in
conformity with the parties’ agreement that the market value of the subject property
for tax year 2007 be $123,895. The ARB Order reflects a 2007 appraised value of
$106,950 and states that taxes would be assessed on the appraised value.

          The Amideis filed a suit for review in the district court, contending that the
“taxable value” of the subject property for tax year 2007 was actually $96,900. The
taxing authorities moved for summary judgment, pursuant to Texas Rule of Civil
Procedure 166a(c), on the basis that section 1.111 of the Tax Code, and cases
construing, prohibited any further appeal of the agreed value. To support their
motion, the taxing authorities attached a certified copy of the Notice of Appraised
Value; a certified copy of the Amideis’ Appointment of Agent form; a certified
transcription of the audio recording of the ARB hearing; a certified copy of the
Amideis’ agent’s signature and opinion of value; a certified copy of the ARB’s
Recommendation of Value; and a certified copy of the ARB’s Order Determining
Protest.

          In response to the taxing authorities’ motion for summary judgment, the
Amideis first objected to and moved to strike all of the taxing authorities’ summary
judgment evidence and then contended that the taxing authorities’ motion was “not
supported by any summary judgment evidence.” The Amideis attested by affidavit
attached to their response that “in their opinion,” the “market value” of the subject
property, as of January 1, 2007, was $96,900.

          The Amideis also moved for traditional and no-evidence summary judgments.
The Amideis contended that they were entitled to a traditional summary judgment on
the basis of their affidavit, in which they asserted that “in their opinion,” the “market
value” of the subject property, as of January 1, 2007, was $96,900. The Amideis
additionally moved for a no-evidence summary judgment on the ground that the
taxing authorities had “no proof that the market value of [the Amideis’] property on
January 1, 2007 was $123,895.” 

          The taxing authorities responded that, as a matter of law, once the Amideis,
through their agent, Nguyen, struck an agreement with HCAD at the ARB hearing
regarding the market value of the subject property, the agreement became final and
was not subject to judicial review. In addition, the taxing authorities objected that the
Amideis’ affidavit did not constitute competent summary judgment evidence.

          On September 29, 2009, the trial court granted summary judgment in favor of
the taxing authorities and ordered that the Amideis take nothing. No order on the
Amideis’ motions for summary judgment appears in the record.

Summary Judgment

           In their first through eighth issues, the Amideis contend that the trial court
erred by granting summary judgment in favor of the taxing authorities. In their ninth
and tenth issues, the Amideis contend that the trial court erred by denying, or failing
to grant, traditional and no-evidence summary judgment in favor of the Amideis. 

 
A.      Standard of Review 

          We review a trial court’s grant of summary judgment de novo. Provident Life
& Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). 

          1.       Traditional 

          A summary judgment under Texas Rule of Civil Procedure 166a(c) is properly
granted only when a movant establishes that there is no genuine issue of material fact
and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A
plaintiff moving for summary judgment must prove that it is entitled to summary
judgment as a matter of law on each element of his cause of action. MMP, Ltd. v.
Jones, 710 S.W.2d 59, 60 (Tex. 1986). A defendant moving for summary judgment
must either (1) disprove at least one element of the plaintiff’s cause of action or (2)
plead and conclusively establish each essential element of an affirmative defense to
rebut plaintiff’s cause. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995). 

          The movant must conclusively establish its right to judgment as a matter of
law. See Jones, 710 S.W.2d at 60. A matter is conclusively established if reasonable
people could not differ as to the conclusion to be drawn from the evidence. City of
Keller v. Wilson, 168 S.W.3d 802, 816 (Tex. 2005). In deciding whether there is a
disputed issue of material fact precluding summary judgment, evidence favorable to
the non-movant will be taken as true, every reasonable inference must be indulged in
favor of the non-movant, and any doubts resolved in its favor. Knott, 128 S.W.3d at
215. 

          2.       No-evidence motion

          After an adequate time for discovery, the party without the burden of proof may
move for summary judgment, with or without presenting evidence, on the basis that
there is no evidence to support an essential element of the non-moving party’s claim.
Tex. R. Civ. P. 166a(i). A no-evidence motion for summary judgment is essentially
a motion for a pre-trial directed verdict. Mack Trucks, Inc. v. Tamez, 206 S.W.3d
572, 581–82 (Tex. 2006). Once the motion is filed, the burden shifts to the
nonmoving party to present evidence raising a genuine issue of material fact as to the
elements specified in the motion. Id. at 582. “We review the evidence presented by
the motion and response in the light most favorable to the party against whom
summary judgment was rendered, crediting evidence favorable to that party if
reasonable jurors could, and disregarding contrary evidence unless reasonable jurors
could not.” Id. “The court must grant the motion unless the respondent produces
summary judgment evidence raising a genuine issue of material fact.” Tex. R. Civ.
P. 166a(i). If the non-movant brings forward more than a scintilla of evidence that
raises a genuine issue of material fact, then summary judgment is not proper.
Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d 830,
834 (Tex. App.—Houston [1st Dist.] 1999, no pet.). More than a scintilla exists when
the evidence rises to a level that would enable reasonable and fair-minded people to
differ in their conclusions. Merrell Dow Pharm., Inc. v. Havner, 953 S.W.2d 706,
711 (Tex. 1997).

          3.       Cross-motions

          When, as here, both sides move for summary judgment and the trial court
grants one motion and denies the other, we review the summary judgment proof
presented by both sides and determine all questions presented.


 See Centerpoint
Energy Houston Elec., L.L.P. v. Old TJC Co., 177 S.W.3d 425, 430 (Tex.
App.—Houston [1st Dist] 2005, pet. denied). We consider summary judgment
grounds that the trial court rules on and that the movant preserves for appellate
review that are necessary to a final disposition of the appeal. Cincinnati Life Ins. Co.
v. Cates, 927 S.W.2d 623, 626 (Tex. 1996). 

B.      The Law

          Pursuant to Tax Code section 1.111, a property owner may designate a person
to act as the agent of the owner for any purpose under that title in connection with the
property or the property owner. Tex. Tax Code Ann. § 1.111(a) (Vernon 2008). 
The designation of an agent must be made by written authorization signed by the
owner, or other person authorized to act on behalf of the owner, and must clearly
indicate that the person is authorized to act on behalf of the property owner in
property tax matters relating to the property or to the property owner. Id. § 1.111(b). 
The Tax Code allows a property owner or its agent and the chief appraiser of an
appraisal district to make agreements regarding property tax matters. See id.
§ 1.111(e). Such an agreement is final if, inter alia, it relates to a matter which may
be protested to the appraisal review board or on which a protest has been filed but not
determined by the board. Id. § 1.111(e)(1). Tax Code section1.111(e) agreements are
not subject to a property owner’s statutory suit for judicial review under Chapter 42. 
MHCB (USA) Leasing & Fin. Corp. v. Galveston Cent. Appraisal Dist., 249 S.W.3d
68, 82–83 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

C.      Analysis: The Taxing Authorities’ Motion for Summary Judgment1.Admissibility of the Evidence: Incorporation by Reference

          In their first issue, the Amideis contend that the taxing authorities failed to
incorporate their summary judgment evidence into their motion for summary
judgment, and therefore they failed to properly present any competent summary
judgment evidence, citing Boeker v. Syptak, 916 S.W.2d 59, 61 (Tex. App.—Houston
[1st Dist.] 1996, no writ) (recognizing that movant for summary judgment must
expressly and specifically identify supporting evidence which it seeks to have
considered by trial court).

          Here, the record shows that section two of the taxing authorities’ motion for
summary judgment expressly and specifically identifies the “Summary Judgment
Evidence” and each of the attached exhibits. In addition, the taxing authorities
reference each of the exhibits in the discussion section of their motion. We conclude
that the taxing authorities’ summary judgment evidence was properly before the trial
court. See id. at 62 (concluding that evidence in support of motion for summary
judgment was properly before trial court when movant attached evidence to motion
and expressly identified evidence being relied upon). 

          Accordingly, we overrule the Amideis’ first issue.

 
          2.       Designation of Agent

          In their third, fourth, and sixth issues, the Amideis contend that the taxing
authorities failed to present competent summary judgment evidence that the Amideis
designated Richard Nguyen to be their agent at the protest hearing before the ARB. 
Although the Amideis acknowledge that they appointed O’Connor & Associates to
act as their agent and they acknowledge that Nguyen is an employee of O’Connor &
Associates, the Amideis complain that Exhibit B fails to authorize O’Connor &
Associates to delegate its authority to its employee, Richard Nguyen. 

          Exhibit B of the taxing authorities’ summary judgment evidence is an HCAD
form, “Appointment of Agent,” pursuant to section 1.111, on which the Amideis
granted O’Connor & Associates, “General power to represent [the Amideis] in Tax
matters.” See Tex. Tax Code Ann. § 1.111(a), (b). The form reflects that the
Amideis could have chosen to limit their agent’s authority in several ways; however,
the Amideis chose to grant their agent full authority. See id. § 1.111(b). As required,
Mr. Amidei’s signature appears on the form. See id. Exhibit B does not specifically
name Nguyen.

          The taxing authorities contend that the issue is waived. Although the Amideis
raised objections to the taxing authorities’ evidence in response to the motion for
summary judgment, the record does not reflect that the Amideis raised this issue. See
Tex. R. App. P. 33.1 (a)(1)(A); Tex. R. Civ. P. 166a(f). 

          Even if we conclude that the issue was not waived, however, it cannot be
sustained. O’Connor & Associates, as a corporation, can only act through
individuals, or “agents of some character.” See Mobile Oil Corp. v. Ellender, 968
S.W.2d 917, 921 (Tex. 1998). The Amideis acknowledge in their brief on appeal that
“Nguyen was an employee of O’Connor & Associates.” 

          We conclude that Exhibit B was properly before the trial court and that it
constitutes competent summary judgment evidence that the Amideis granted
O’Connor & Associates full authority to represent them in their property tax matters
before the ARB, which necessarily included acting through its employee, Nguyen.

          The Amideis also contend that they executed a verified plea denying that they
authorized Nguyen to execute Exhibit D, a matter they raised by objection in the trial
court. Exhibit D is an electronic disclosure statement to the ARB, signed by Nguyen,
in which he attested that his testimony at the ARB hearing would be true and correct;
that he had been offered the opportunity to inspect and obtain copies of the chief
appraiser’s evidence; that he was authorized to appear at the hearing; that he had not
been employed by HCAD within the prior three years; and that the “Owner’s opinion
of value for this property is: $123,895.” 

 
          We have already concluded above that Nguyen was authorized to act on behalf
of the Amideis. Nguyen’s execution of the disclosure statement in order to appear
before the ARB was necessarily in conjunction with the general authority that the
Amideis granted to represent them in a hearing before the ARB. We conclude that
Exhibit D was properly before the trial court. 

          Accordingly, we overrule the Amideis’ third, fourth, and sixth issues.

          3.       The Agreement

          In their fifth issue, the Amideis contend that the trial court erred by granting
summary judgment in favor of the taxing authorities because “the statements in [the
taxing authorities’ summary judgment evidence, Exhibits B through F] are
inadmissible conclusions insufficient to prove the Amideis made an agreement at the
[ARB] protest hearing that the value of the subject property should be $123,895 for
the tax year 2007.” 

          As stated, Exhibit B of the taxing authorities’ summary judgment evidence is
an HCAD form, “Appointment of Agent,” in which the Amideis designated O’Connor
& Associates to act as their agent and which bears the signature of appellant, Maurice
Amidei. Exhibit C is the transcript of the ARB hearing. Exhibit D, as stated, is the
electronic disclosure statement to the ARB signed by Nguyen. Exhibit E is an “ARB
Panel Recommendation” that the “Initial Market” value of the property was $127,028;
that the “Final” market value was $123,895; that the “Initial Appraised” value was
$106,590; and that the “Final Appraised” value was $106,590. Exhibit F is the
ARB’s “Order Determining Protest,” in conformity with the parties’ agreement that
the market value of the subject property for tax year 2007 be $123,895 and that the
appraised value be $106,590.

          The Tax Code does not prescribe any particular method of informing the ARB
of an agreement between an owner or agent and the chief appraiser. Hartman v.
Harris County Appraisal Dist., 251 S.W.3d 595, 600 (Tex. App.—Houston [1st Dist.]
2007, pet. denied). An agreement exists under section 1.111 of the Tax Code “[w]hen
the evidence shows that the property owner and the appraisal district share the same
opinion as to the value of the property.” Mann v. Harris County Appraisal Dist., No.
01-07-00436-CV, 2008 WL 1747807, at *3 (Tex. App.—Houston [1st Dist.] Apr. 17,
2008, no pet.); see also Hartman, 251 S.W.3d at 600 (explaining that harmony of
opinions creates agreement); Sondock v. Harris County Appraisal Dist., 231 S.W.3d
65, 69 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (reviewing transcript of
hearing and concluding that agreement became final as soon as it was reached). 

          Here, Exhibit C, the transcript of the ARB hearing, demonstrates that the
Amideis’ agent, Nguyen, entered an agreement with HCAD concerning the value of
the subject property. As laid out above, Nguyen testified concerning the factual bases
for his request that the subject property be valued at $123,895—including a
comparison to comparable properties and noting that the subject property was listed
for sale in 2007 for $123,895. HCAD responded, “I’ll concur to the value.” When,
at an ARB hearing, the appellants’ agent and the appraiser each announce the same
opinion as to the value of the property, an agreement is created. See Hartman, 251
S.W.3d at 600. We conclude that Exhibit C constitutes factual evidence of an
agreement between the Amideis’ agent, Nguyen, and HCAD.

          Accordingly, we overrule the Amideis’ fifth issue.

          4.       The Agreement: Authentication of Transcript of ARB Hearing

          In their second issue, the Amideis contend that Exhibit C, the transcript of the
ARB hearing, was not authenticated and was therefore “inadmissible as an affidavit
or as summary judgment evidence.” The taxing authorities contend that the issue is
waived because it was not raised in the trial court. 

          Pursuant to Rule of Civil Procedure 166a(f), “Defects in the form of affidavits
or attachments will not be grounds for reversal unless specifically pointed out by
objection by an opposing party with opportunity, but refusal, to amend.” Tex. R. Civ.
P. 166a(f). However, a defect in substance cannot be waived by failing to object or
obtain a written order, and the absence of proper authentication constitutes a
substantive objection. Trimble v. Gulf Paint & Battery, Inc., 728 S.W.2d 887, 889
(Tex. App.—Houston [1st Dist.] 1987, no writ). Documents submitted as summary
judgment proof must be sworn to or certified. Tex. R. Civ. P. 166a(f); see Medford
v. Medford, 68 S.W.3d 242, 246 (Tex. App.—Fort Worth 2002, no pet.); Llopa, Inc.
v. Nagel, 956 S.W.2d 82, 87 (Tex. App.—San Antonio 1997, writ denied). 

          Here, the record reflects that the transcript of the ARB hearing is certified.
Therefore, Exhibit C was properly considered by the trial court. 

          Accordingly, we overrule the Amideis’ second issue.

          5.       The Agreement: Illegal, Void, Unenforceable, or Violates Public Policy

          In their eighth issue, the Amideis contend that the trial court erred by granting
summary judgment in favor of the taxing authorities because the Agreement “caused
an increase in the Amideis’ property value from its 2006 value of $96,900 to a 2007
value of $123,895, a 27.859% increase, which is 17.859% in excess of the 10% limit
of the appraisal amount increase in one year set by § 23.23([a])(2)(A) Tex. Tax Code,
and resulted in an illegal, void, and unenforceable agreement, against public policy.”

          Section 23.23(a)(2)(A) of the Tax Code provides, in relevant part, as follows:

          § 23.23 Limitation on Appraised Value of Residence Homestead

(a) . . . regardless of whether the appraisal office has appraised the
property and determined the market value of the property for the tax
year, an appraisal office may increase the appraised value of a residence
homestead for a tax year to an amount not to exceed the lesser of:
 
(1) the market value of the property for the most recent tax year
that the market value was determined by the appraisal office; or
                    (2) the sum of:
(A) 10 percent of the appraised value of the property for
the preceding tax year; 
(B) the appraised value of the property for the preceding
tax year; and
(C) the market value of all new improvements to the
property.
Tex. Tax Code Ann. § 23.23 (Vernon 2008) (emphasis added).

          The record shows, and it is undisputed, that the appraised value of the subject
property for the preceding tax year, that of 2006, was $96,900. See id.
§ 23.23(a)(2)(B). Ten percent of that value is $9,690. See id. § 23.23(a)(2)(A). No
new improvements are noted in the record or at issue. See id. § 23.23(a)(2)(C). The
sum of $96,900 and $9,690 is $106,590. See id. 23.23(a)(2)(A)–(C). The record
reflects that the taxing authorities’s appraised value of the property for tax year 2007
was $106,590. Hence, the record reflects that the taxing authorities’ valuation
comports with Tax Code section 23.23, and no error is shown.

          Accordingly, we overrule the Amideis’ eighth issue.

          6.       Admissibility of the Evidence: Tax Code section 42.23

          In their seventh issue, the Amideis contend that the trial court erred by granting
summary judgment in favor of the taxing authorities because the taxing authorities’
summary judgment evidence constitutes records of actions taken by the ARB, which
are “incompetent and inadmissible” pursuant to section 42.23(a) and (b) of the Tax
Code. Tex. Tax Code Ann. § 42.23 (Vernon 2008).

          The Tax Code allows a property owner to seek judicial review of only limited
types of orders. Tex. Tax Code Ann. § 42.01(1)(A); MHCB (USA) Leasing & Fin.
Corp., 249 S.W.3d at 82–83. Agreements under section1.111(e) are not subject to a
property owner’s statutory suit for judicial review under Chapter 42. Tex. Tax Code
Ann. §§ 1.111(e), 41.01(b); MHCB (USA) Leasing & Fin. Corp., 249 S.W.3d at
82–83.

          Here, to support their motion for summary judgment, the taxing authorities’
burden was to establish that a section 1.111 agreement was reached, not that the
factual basis of the valuation of the subject property was supported. As established
above, the taxing authorities’ summary judgment evidence shows that the Amideis,
through their authorized agent, entered into an appraisal agreement with HCAD,
under Tax Code section 1.111(e). Hence, the agreement is not subject to a statutory
suit for judicial review under Chapter 42, and the trial court did not err by granting
summary judgment in favor of the taxing authorities.

          Accordingly, we overrule the Amideis’ seventh issue.

 
D.      Analysis: The Amideis’ Traditional Motion for Summary Judgment

          In their ninth issue, the Amideis contend that the trial court erred by “either
overruling or failing to grant” their traditional motion for summary judgment. The
Amideis’ motion for summary judgment states as follows, in its entirety:

         PLAINTIFFS’ MOTION FOR SUMMARY JUDGMENT
Plaintiffs’ Motion embraces their entire cause of action against
defendants. Based on the attached summary judgment evidence, the
Plaintiffs’ Original Petition, there is no genuine issue of material fact
regarding each and every element of the Plaintiffs’ cause of action, and
plaintiffs are entitled to a judgment as a matter of law.
III. [sic] 
The affidavit of plaintiffs[] hereto attached in opposition to
defendants’ Motion for Summary Judgment is here adopted and referred
to for all purposes herein as if copied at length herein, proves the market
value of their property, the subject of this suit on January 1, 2007 was
$96,900.

 
          The Amideis attached as their sole evidence in support of their summary
judgment their own affidavit, the body of which states in its entirety: 

BEFORE ME THE UNDERSIGNED AUTHORITY, on this day
personally appeared MAURICE AMIDEI and SARA A. AMIDEI who
after first being duly sworn on their oaths stated: 
They [sic] are qualified and authorized to make this affidavit. They [sic]
have personal knowledge of the facts stated herein which are true and
correct.
That their [sic] property at [address], the subject of this suit, had in their
[sic] opinion the market value of $96,900 on January 1, 2007. 

 

 
          In its response to the motion for summary judgment, the taxing authorities
contended that opinion testimony is not acceptable or sufficient or competent as
summary judgment evidence. We agree.

          Here, as the plaintiffs moving for summary judgment, the Amideis were
required to prove that they were entitled to summary judgment as a matter of law on
each element of their cause of action. MMP, Ltd., 710 S.W.2d at 60. Statements of
opinion and conclusions made in an affidavit are not competent summary judgment
proof and should be disregarded in determining the sufficiency of proof to support the
summary judgment. Harley Davidson Motor Co., Inc. v. Young, 720 S.W.2d 211, 213
(Tex. App.—Houston [14th Dist.] 1986, no writ); see Rizkallah v. Conner, 952
S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (“A conclusory
statement is one that does not provide the underlying facts to support the
conclusion.”). 

          In their affidavit, the Amideis attested only that the subject property “had in
their opinion the market value of $96,900 on January 1, 2007.” (Emphasis added.) 
This statement, unsupported by any facts, is insufficient to support summary
judgment. Because their affidavit was their sole source of evidence to support their
motion for summary judgment and we have concluded that it does not constitute
competent summary judgment evidence, the Amideis are without proof to support
their motion. Hence, the trial court did not err by denying the Amideis’ motion .

          Accordingly, we overrule the Amideis’ ninth issue.

E.      Analysis: The Amideis’ No-evidence Motion for Summary Judgment

          In their tenth issue, the Amideis contend that the trial court erred by “either
overruling or failing to grant” their no-evidence motion for summary judgment. The
Amideis’ no-evidence motion states as follows, in its entirety:

There is no evidence of one or more of the essential elements of
defendants claim or defense upon which they would have as the burden
of proof on trial, to-wit: defendants have no proof that the market value
of plaintiffs’ property on January 1, 2007 was $123,895 as claimed by
defendants. 

 
          In their response to the Amideis’ motion for summary judgment, the taxing
authorities pointed to their evidence that an agreement was reached in Exhibit C, the
transcript of the hearing. We concluded above that Exhibit C constitutes evidence of
an agreement as to the market value of the property. When, as here, the non-movant
brings forth more than a scintilla of evidence that raises a genuine issue of material
fact, then summary judgment is not proper. See Flameout Design & Fabrication, Inc.,
994 S.W.2d at 834. 

          Accordingly, we overrule the Amideis’ tenth issue.

 
 
 
Conclusion

          We affirm the judgment of the trial court. 









                                                             Laura Carter Higley

                                                             Justice

 
Panel consists of Justices Jennings, Alcala, and Higley.