**Affirmed and En Banc Opinion and Dissenting Opinion filed June 27, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00303-CV

---

**WASHINGTON DC PARTY SHUTTLE, LLC, PARTY SHUTTLE TOURS, LLC AND CREATIVERSE INTERNET SYSTEMS, LLC, Appellants**

**V.**

**IGUIDE TOURS, LLC, TYREE COOK, AND ABISE ESHETU, Appellees**

---

On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2012-12924

---

# EN BANC DISSENTING OPINION

This court should follow recent precedent from the Supreme Court of Texas and conclude that an affidavit's failure to affirmatively show how the affiant has personal knowledge of the statements contained therein is a defect of substance and that the appellants' failure to obtain a ruling from the trial court regarding this defect does not preclude them from raising this issue on appeal. The evidence in the case under review, a single affidavit, is legally insufficient to support the trial court's ruling on the special appearance, and the Supreme Court of Texas has held that this legal insufficiency can be raised for the first time on appeal.[1] Therefore, this court should reverse the trial court's special-appearance order and remand to the trial court for rendition of an order that IGuide Tours, LLC's special appearance be denied.

**Under recent Supreme Court of Texas precedent, the failure of an affidavit to affirmatively show the affiant has personal knowledge is a defect of substance.**

Appellants/plaintiffs Washington DC Party Shuttle, LLC, Party Shuttle Tours, LLC, and Creativerse Internet Systems, LLC (collectively "the Shuttle Parties") filed suit against appellees/defendants IGuide Tours, LLC, Tyree Cook, and Abise Eshetu (collectively "the IGuide Parties"). IGuide filed a special appearance challenging the trial court's personal jurisdiction. In support of the special appearance, IGuide proffered as its only evidence a very brief affidavit from Sewunet Habte, an IGuide employee. In response, the Shuttle Parties argued, among other things, that the trial court should deny the special appearance because the only evidence IGuide submitted, the Habte affidavit, is insufficient and not competent because the affidavit does not show how Habte has personal knowledge

---

[1] *See Office of Atty. Gen. of Texas v. Burton,* 369 S.W.3d 173, 175 (Tex. 2012); *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

of the statements contained in it.  The trial court granted IGuide's special appearance.

Under Texas Rule of Civil Procedure 120a, special-appearance affidavits "shall be made on personal knowledge, shall set forth specific facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify."[2] This language is substantially similar to the language in the rule regarding summary-judgment affidavits, and this court has applied the same analysis in both contexts.[3]  Thus, a special-appearance affidavit must affirmatively show how the affiant has personal knowledge of the statements contained in the affidavit.[4]

In response to IGuide's special appearance, the Shuttle Parties argued that the trial court should deny the special appearance because the Habte affidavit does not show how Habte has personal knowledge of the factual matters set forth in the affidavit. If this alleged defect is a defect in the form of the affidavit, then the Shuttle Parties failed to preserve error because they did not obtain a ruling from the trial court on this issue.  For purposes of preservation of error, an appellate court treats a party's objections to defects in the form and defects in the substance of an

---

[2] Tex. R. Civ. P. 120a(3).

[3] *See* Tex. R. Civ. P. 166a(f) (stating that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein"); *Urban v. Barker*, No. 14-06-00387-CV, 2007 WL 665118, at *2–3 (Tex. App.—Houston [14th Dist.] Mar. 6, 2007, no pet.) (relying on cases regarding summary-judgment affidavits in determining that special appearance affidavit was insufficient under Texas Rule of Civil Procedure 120a(3)) (mem. op.).

[4] *See Urban*, 2007 WL 665118, at *2; *Boston Medical Group v. Ellis*, No. 14-06-00801-CV, 2007 WL 2447360, at *8 (Tex. App.—Houston [14th Dist.] Aug. 30, 2007, no pet.) (mem. op.).

3

affidavit differently.[5]  Unlike a defect in form, a defect in the substance of an affidavit is not waived by failure to obtain a ruling on the defect from the trial court and may be raised for the first time on appeal.[6]  Substantive defects are those that make the evidence legally insufficient.[7]  If the alleged defect in the Habte affidavit is a defect in substance, then the Shuttle Parties' failure to obtain a ruling from the trial court does not bar them from raising this issue on appeal.[8]

IGuide asserts that the Shuttle Parties waived the issue of whether the affidavit affirmatively shows how Habte has personal knowledge because this is a defect of form and the Shuttle Parties did not obtain an adverse ruling in the trial court.  Notably, in its most recent pronouncements in this regard, the Supreme Court of Texas has treated this defect as a substantive one that renders the affidavit legally insufficient.[9]

In *Marks*, decided in 2010, the high court held that as to an issue of mistake or accident, an affidavit was legally insufficient because it did not show that the

---

[5] *See Harley-Davidson Motor Co., Inc. v. Young*, 720 S.W.2d 211, 213 (Tex. App.—Houston [14th Dist.] 1986, no writ).

[6] *See id.*

[7] *See Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991); *Harley-Davidson Motor Co., Inc.*, 720 S.W.2d at 213.

[8] *See Burton,* 369 S.W.3d at 175; *Anderson v. Snider*, 808 S.W.2d at 55; *Harley-Davidson Motor Co., Inc.*, 720 S.W.2d at 213.

[9] *See Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 666 (Tex. 2010); *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008). These cases were not special-appearance cases.  But there is no valid reason to apply a different analysis to affidavits in the special-appearance context.  The rule regarding special-appearance affidavits is substantially similar to the rule regarding summary-judgment affidavits.  *See* Tex. R. Civ. P. 120a(3); Tex. R. Civ. P. 166a(f).  This court has relied upon summary-judgment cases in reviewing the sufficiency of special-appearance affidavits. *See Urban*, 2007 WL 665118, at *2–3  (relying on cases regarding summary-judgment affidavits in determining that special appearance affidavit was insufficient under Texas Rule of Civil Procedure 120a(3)).

4

affiant had personal knowledge regarding this issue, without mentioning any objection in the trial court.[10] Similarly, in *Kerlin*, the high court determined that an affidavit that did not affirmatively show any basis for the affiant's personal knowledge was legally insufficient and thus could not raise a fact issue precluding summary judgment.[11] These recent pronouncements conflict with a statement contained in the high court's 1990 opinion in *Grand Prairie Indep. Sch. Dist. v. Vaughan*.[12] But, when, as today, we are faced with conflicting statements from the Supreme Court of Texas, this court is bound to follow the most recent statement from the high court.[13]

In prior cases this court has held that an affidavit's failure to show how the affiant has personal knowledge is a defect of form, but these cases either pre-date or do not address the high court's pronouncements in *Marks* and *Kerlin*.[14] This

---

[10] *See Marks*, 319 S.W.3d at 666.

[11] *See Kerlin*, 274 S.W.3d at 668. *See also Valenzuela v. State & County Mutual Fire Ins. Co.*, 317 S.W.3d 550, 552, 553–55 (Tex. App.—Houston [14th Dist.] July 22, 2010, no pet) (citing *Kerlin* and treating affidavit that did not affirmatively show how affiant had personal knowledge of the statements therein as containing a substantive defect that rendered the affidavit legally insufficient, though indicating in the factual-background section of the opinion that the trial court overruled an objection asserting this argument).

[12] *See* 792 S.W.2d 944, 945 (Tex. 1990).

[13] *See Hopkins v. Spring Indep. Sch. Dist.*, 706 S.W.2d 325, 329 (Tex. App.—Houston [14th Dist.] 1986), *aff'd*, 736 S.W.2d 617 (Tex. 1987).

[14] *See Hill v. Tootsies, Inc.*, No. 14-11-00260-CV, 2012 WL 1694372, at *2 (Tex. App.—Houston [14th Dist.] May 15, 2012, no pet.) (mem. op.); *Butler v. Hudson & Keyse, L.L.C.*, No. 14-07-00534-CV, 2009 WL 402329, at *2 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op.); *Chan v. Montebello Development Co.*, No. 14-06-00936-CV, 2008 WL 2986379, at *11, n.12 (Tex. App.—Houston [14th Dist.] July 31, 2008, pet. denied) (mem. op.); *Progressive County Mut. Ins. Co. v. Carway*, 951 S.W.2d 108, 117 (Tex. App.—Houston [14th Dist.] 1997, pet. denied). The en banc majority lists additional cases that do not hold that an affidavit's failure to affirmatively show how the affiant has personal knowledge of the statements therein was a defect of form. *See, e.g., Commint Tech. Servs., Inc. v. Quickel*, 314 S.W.3d 646, 650 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (failing to address such an objection); *Mallory v. Mallory*, No. 14-06-01009-CV, 2009 WL 1886110, at *1 (Tex. App.—

5

court should follow these recent pronouncements and conclude that an affidavit's failure to affirmatively demonstrate how the affiant has personal knowledge of the statements made therein is a defect of substance and that the Shuttle Parties' failure to obtain a ruling from the trial court does not preclude them from raising this issue on appeal.[15]

**The trial court erred in concluding that IGuide satisfied its burden to negate personal jurisdiction.**

Simply stating that the affiant has personal knowledge of the statements in the affidavit is inadequate unless the affidavit contains other statements that affirmatively reveal how the affiant has personal knowledge.[16] The affidavit must disclose the basis on which the affiant has personal knowledge of the statements in the affidavit.[17] An affiant's position or job responsibilities can qualify her to have personal knowledge of facts and establish how she learned of the facts.[18] Likewise, affidavits demonstrating personal knowledge may describe the affiant's position as

---

Houston [14th Dist.] July 2, 2009, no pet.) (addressing allegedly defective verification of motion rather than affidavit's failure to affirmatively show how affiant had personal knowledge); *Peterson Homebuilders, Inc. v. Timmons*, No. 14-03-00400-CV, 2004 WL 1660936, at *4 n.2 (Tex. App.—Houston [14th Dist.] July 27, 2004, no pet.) (addressing objection that affidavits failed to contain a statement that the facts set forth therein were true and correct and based on the affiant's personal knowledge) (mem. op.). An objection that the affidavit lacks an express statement that the affiant has personal knowledge is different from an objection that the affidavit fails to affirmatively show that the affiant has personal knowledge of the statements contained therein. *See Krueger v. Gol*, 787 S.W.2d 138, 141 (Tex. App.—Houston [14th Dist.] 1990, writ denied). Another opinion contains a statement that whether an affiant has personal knowledge is an objection to form, but that statement is an obiter dictum. *See Hou-Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103, 112 & n.9 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

[15] *See Marks*, 319 S.W.3d at 666; *Kerlin*, 274 S.W.3d at 668.

[16] *See Urban*, 2007 WL 665118, at *2; *Boston Medical Group*, 2007 WL 2447360, at *8.

[17] *See Southtex 66 Pipeline Co., Ltd. v. Spoor*, 238 S.W.3d 538, 543 (Tex. App.—Houston [14th Dist.] Oct. 23, 2007, pet. denied); *Urban*, 2007 WL 665118, at *2.

[18] *See Valenzuela*, 317 S.W.3d at 553; *Southtex 66 Pipeline Co*, 238 S.W.3d at 543.

well as the specific job duties through which she acquired personal knowledge regarding the statements in the affidavit.[19] The Habte affidavit does neither.

In the affidavit, Habte states that she is competent to make the affidavit and that she is employed by IGuide. Habte also states that "[t]he facts stated herein are of my personal knowledge, and I know them to be true and correct." But, critically, Habte makes no other statements that arguably could be relevant to whether the affidavit affirmatively shows how Habte has personal knowledge of the statements contained in it. The affidavit submitted by the Shuttle Parties contained evidence that Habte is a former employee of Washington DC Party Shuttle, LLC. At the hearing on the special appearance, the Shuttle Parties' counsel indicated that the Shuttle Parties knew Habte through her former employment and that Habte is "a $12-an-hour employee," who is not an officer of IGuide. Counsel for IGuide responded by asserting that "[t]he fact that the affiant is only paid $12 an hour is irrelevant to the issue."

In some contexts, an affiant's position with a company, by itself, could be sufficient proof of the affiant's personal knowledge. For example, this court has held that a statement that the affiant is president of the company asserting a claim on an account is sufficient to affirmatively show how the affiant has personal knowledge of the affidavit statements regarding the account.[20] In another case, the Thirteenth Court of Appeals held that a statement that the affiant is senior vice-president and secretary of a corporation asserting a special appearance is sufficient to affirmatively show how the affiant has personal knowledge of the affidavit

---

[19] *See Valenzuela*, 317 S.W.3d at 553.

[20] *See Requipco v. Am-Tex Tank & Equipment, Inc.*, 738 S.W.2d 299, 301 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

7

statements regarding the corporation's contacts with Texas.[21]  The Thirteenth Court concluded that facts regarding a corporation's contacts with another state ordinarily would be within the personal knowledge of the senior vice-president and secretary of that corporation.[22]

By contrast, Habte does not state that she is an officer, director, or manager of IGuide.  Habte simply states she is an IGuide employee, without identifying her position, describing her job duties, or providing any indication of the nature of her work or responsibilities at IGuide.  Habte does not explain how she has personal knowledge regarding IGuide's formation, members, contractual relationships, bank accounts, advertising, or any contacts IGuide might have with Texas.  Affidavits with more information have been rejected as incompetent.

For example, in *Lawrence Marshall Dealerships v. Meltzer*, a car dealership sued one of its customers for breach of contract, and an issue in the case was the amount of the "payoff" on a vehicle that the customer had "traded in" to the dealership.[23]  In a summary-judgment affidavit regarding the amount of the "payoff," the affiant stated that he was the general manager of the car dealership and that he had personal knowledge of the statements in the affidavit.[24]  Though the affiant stated his job title, he did not identify his responsibilities or any other basis for personal knowledge of the statements in the affidavit.[25]  This court concluded that the general manager's affidavit did not affirmatively show how he

---

[21] *See M.G.M. Grand Hotel, Inc. v. Castro*, 8 S.W.3d 403, 407 (Tex. App.—Corpus Christi 1999, no pet.).

[22] *See id.*

[23] *See* No. 14-07-00920-CV, 2009 WL 136908, at *1–4 (Tex. App.—Houston [14th Dist.] Jan. 20, 2009, no pet) (mem. op.).

[24] *See id.* at *1, 4.

[25] *See id.* at *4.

had personal knowledge of the statements in the affidavit and that the affidavit did not constitute competent evidence.[26]

In another case, this court held that the affidavit of a claims manager of an insurance company did not affirmatively show how the affiant had personal knowledge of the statements in the affidavit.[27] Though the affiant stated that she was currently the claims manager for the insurance company and that she had personal knowledge of the facts stated in the affidavit, this court noted that the affidavit did not address whether the affiant was the claims manager when the events discussed in the affidavit occurred and that the affidavit did not address how the affiant's job duties as claims manager gave her knowledge about the claim at issue.[28] This court held that the affidavit was incompetent and legally insufficient because it did not affirmatively show how the affiant had personal knowledge of the statements in the affidavit.[29]

In today's case, the Habte affidavit does not even rise to the level of the general manager's affidavit found incompetent in *Meltzer* or the claims manager's affidavit found incompetent in *Valenzuela.* Habte states only that she is an employee of IGuide and that she has personal knowledge of the facts stated in her affidavit. But, Habte does not so much as specify her position at IGuide. Though employment as an officer of a corporation might inherently provide the basis for personal knowledge regarding the corporation's contacts with another state, employment in an unspecified position is not enough to affirmatively show how the affiant has personal knowledge regarding the company's contacts with another

---

[26] *See id.*

[27] *See Valenzuela*, 317 S.W.3d at 552–55.

[28] *See id*. at 554.

[29] *See id*. at 554–55.

9

state. Nothing in the affidavit discloses any basis upon which Habte could have personal knowledge of the statements in the affidavit. Because Habte's affidavit does not affirmatively show how she has personal knowledge of the affidavit statements, the affidavit is incompetent and legally insufficient to negate any basis for personal jurisdiction.[30] And, because the Habte affidavit is the only evidence IGuide submitted, the evidence is legally insufficient to support the trial court's implied finding that IGuide satisfied its burden to negate personal jurisdiction. The trial court erred in sustaining IGuide's special appearance.[31] Accordingly, this court should sustain the first issue, reverse the trial court's special-appearance order, and remand to the trial court for rendition of an order that IGuide's special appearance be denied.

## CONCLUSION

This court should follow recent precedent from the Supreme Court of Texas and conclude that an affidavit's failure to affirmatively show how the affiant has personal knowledge of the statements contained therein is a defect of substance and that the Shuttle Parties' failure to obtain a ruling from the trial court regarding this defect does not preclude them from raising this issue on appeal. Because the complaint regarding personal knowledge that the Shuttle Parties asserted in the

---

[30] *See Marks*, 319 S.W.3d at 666 (holding, in part of opinion that was majority opinion, that as to issue of mistake or accident, affidavit was legally insufficient because it did not show that the affiant had personal knowledge regarding this issue); *Kerlin*, 274 S.W.3d at 668 (holding that affidavit that did not affirmatively show any basis for the affiant's personal knowledge was legally insufficient and thus could not raise a fact issue precluding summary judgment); *Valenzuela*, 317 S.W.3d at 552–55 (holding affidavit did not affirmatively show how affiant had personal knowledge of the statements contained therein); *Meltzer*, 2009 WL 136908, at *1–4 (same as *Valenzuela*); *Urban*, 2007 WL 665118, at *2–3 (holding special-appearance affidavit did not affirmatively show how affiant had personal knowledge of the statements contained therein).

[31] *See Walker Ins. Servs. v. Bottle Rock Power Corp.*, 108 S.W.3d 538, 555 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

10

trial court and on appeal is valid, the Habte affidavit—the only evidence proffered by IGuide—is legally insufficient. Thus, the evidence is legally insufficient to support the trial court's ruling on the special appearance, and this court should reverse the trial court's order and remand to the trial court for rendition of an order that IGuide's special appearance be denied. Because the en banc majority does not do so, I respectfully dissent.

/s/    Kem Thompson Frost
Justice

The En Banc Court consists of Chief Justice Hedges and Justices Frost, Brown, Boyce, Christopher, Jamison, McCally, and Busby. Justice Donovan is not participating.

Justices Brown, Boyce, McCally, and Busby join the En Banc Opinion authored by Justice Christopher. Justice Frost issues an En Banc Dissenting Opinion in which Chief Justice Hedges and Justice Jamison join.

11