**Darrell Dean VALENZUELA,**
**Appellant,**

v.

**STATE & COUNTY MUTUAL FIRE**
**INSURANCE COMPANY,**
**Appellee.**

**No. 14–09–00191–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 22, 2010.

to repay the debt according to the terms of the collateral agreement.'').

William E. Ryan, Houston, for Appellant.

Kimberley M. Spurlock, Humble, James S. Walker, Kathryn Marie Pfeiffer Anderson, Houston, for Appellee.

Panel consists of Chief Justice HEDGES and Justices SEYMORE and BROWN.

## OPINION

JEFFREY V. BROWN, Justice.

Appellant Darrell Dean Valenzuela appeals the trial court's grant of summary judgment in favor of appellee State & County Mutual Fire Insurance Company ("State & County"). Valenzuela challenges the trial court's ruling on the grounds: (1) State & County's summary-judgment evidence is not competent; and (2) State & County has failed to prove as a matter of fact that it was prejudiced by Torres's lack of notice and lack of cooperation. We reverse and remand the case for further proceedings in accordance with this opinion.

I

Darrell Dean Valenzuela and Armando Rodriguez Torres were in a motor-vehicle accident in 2002, and Valenzuela claimed he sustained injuries from the accident. Valenzuela sued Torres in August 2007. At the time of the accident, Torres was covered by a standard-form personal auto policy from State & County. The policy insured the automobile Torres drove the day of the accident. The case went to trial, and Valenzuela obtained a judgment for $12,100.00, prejudgment interest in the amount of $4,502.11, and court costs in the sum of $1,941.67. State & County did not receive notice of the suit until Valenzuela delivered a copy of the final judgment on September 10, 2007. State & County claimed its policy provisions required Torres to provide proper and timely notice regarding any pending lawsuits so State & County could participate in Torres's defense.

State & County filed a declaratory-judgment action seeking a judgment stating that it has no duty to (1) indemnify its insured Torres, and (2) pay policy benefits to Valenzuela. The parties filed cross motions for summary judgment. State & County's issues in its summary-judgment motion mirrored the relief sought in its declaratory-judgment action, but also included the argument that Torres's lack of cooperation prejudiced State & County as a matter of law. Valenzuela objected to State & County's summary-judgment evidence, which consisted of an affidavit from claims manager Kathy Devaney. But the trial court overruled Valenzuela's objections and granted summary judgment. This appeal followed.

## II

In his first issue, Valenzuela contends Devaney's affidavit is insufficient evidence to support State & County's summary judgment. Valenzuela specifically complains the affidavit: (1) is not based on personal knowledge; (2) does not demonstrate how the affiant became familiar with the information; (3) is based on subjective beliefs; and (4) is conclusory. Without Devaney's affidavit, Valenzuela asserts State & County is unable to show any evidence that its insured did not cooperate or that it was prejudiced; hence, State & County's lack of cooperation defense would fail, and the trial court erroneously granted State & County's summary judgment. State & County claims Valenzuela waived his complaint about the affidavit's competency because he failed to raise the issue in the court below.[1] Additionally, State & County argues Devaney's affidavit demonstrates she had personal knowledge due to her position as the claims manager for State & County, Devaney's affidavit is based on fact and not on her beliefs or opinions, and Devaney's affidavit is not conclusory because it is strictly fact based.

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex.2003). The party moving for a traditional summary judgment has the burden to show that no material fact exists and that it is entitled to summary judgment as a matter of law. Tex.R. Civ. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex.2000) (per curiam). In determining whether a disputed material fact precludes summary judgment, we take as true evidence favorable to the non-movant, and we must resolve any doubt in the non-movant's favor as well as make reasonable inferences in the non-movant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).[2]

In a summary-judgment motion, supporting and opposing affidavits must "be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Tex.R. Civ. P. 166a(f); *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex.1996) (per curiam); *CA Partners v. Spears,* 274 S.W.3d 51, 63 (Tex.App.-Houston [14th Dist.] 2008, pet. denied). Hence, for a summary-judgment affidavit to have probative value, the affiant must swear the facts in the affidavit reflect his personal knowledge. *Kerlin v.*

---

1. In his reply brief, Valenzuela concedes he never objected to the affiant's competency nor is competency an issue on appeal.

2. Although Valenzuela also filed a motion for summary judgment, in his brief, he specifically states his "motion is not an issue in this appeal."

*Arias,* 274 S.W.3d 666, 668 (Tex.2008) (per curiam). But the mere recitation that the affidavit is based on personal knowledge is inadequate if the affidavit does not positively show a basis for the knowledge. *Estate of Gajewsky v. John Hancock Life Ins. Co.,* No. 14–04–00748–CV, 2005 WL 1017628, at *3 (Tex.App.-Houston [14th Dist.] May 3, 2005, no pet.) (mem.op.). The affidavit must explain how the affiant has personal knowledge. *Radio Station KSCS v. Jennings,* 750 S.W.2d 760, 762 (Tex.1988) (per curiam); *SouthTex 66 Pipeline Co., Ltd. v. Spoor,* 238 S.W.3d 538, 543 (Tex.App.-Houston [14th Dist.] 2007, pet. denied). Statements represented in the affidavit need factual specificity such as place, time, and exact nature of the alleged facts. *SouthTex 66 Pipeline Co.,* 238 S.W.3d at 543 (citing *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984)). "The key is whether the affidavit clearly shows the affiant is testifying from personal knowledge." David Hittner & Lynne Liberato, *Summary Judgments in Texas State and Federal Practice,* 46 Hous. L. Rev. 1379, 1438 (2010).

The affidavit must "itself" state the facts and demonstrate the affiant's competency. *Keenan v. Gibraltar Sav. Ass'n,* 754 S.W.2d 392, 394 (Tex.App.-Houston [14th Dist.] 1988, no writ). An affiant's position or job responsibilities can qualify him to have personal knowledge of facts and establish how he learned of the facts.[3] *SouthTex 66 Pipeline Co.,* 238 S.W.3d at 543 (citing *First Nat'l Bank in Munday v. Lubbock Feeders, L.P.,* 183 S.W.3d 875, 881 (Tex.App.-Eastland 2006, pet. denied)). Affidavits demonstrating personal knowledge often state the affiant's knowledge is acquired through not only the person's position, but also through his specifically described job duties. *See, e.g., 1001 McKinney Ltd. v. Credit Suisse First Boston Mortgage Capital,* 192 S.W.3d 20, 27 (Tex.App.-Houston [14th Dist.] 2005, pet. denied) (stating the affiant's personal knowledge "resulted from his employment as director of the Controller's Division of CSFB, which keeps records of all licenses and government approvals"); *Lubbock Feeders, L.P.,* 183 S.W.3d at 881 (explaining the affidavit stated the affiant was not only the yard manager for Lubbock Feeders, but that he was familiar with the customer accounts because "the performance of his job required him to be familiar with the accounts"); *Dickey v. Club Corp. of Am.,* 12 S.W.3d 172, 176 (Tex.App.-Dallas 2000, pet. denied) (discussing although the affiant was not employed at the club when plaintiffs joined, his affidavit makes it clear that as a general manager, he had knowledge of the club's policies and bylaws because one of his duties was to make recommendations to the board of directors concerning changes in the bylaws); *Sturm v. Phil Arms Ministries,*

---

**3.** We have previously held an affidavit simply stating the affiant's job title is sufficient to show personal knowledge. *See Requipco, Inc. v. Am–Tex Tank & Equip., Inc.,* 738 S.W.2d 299, 300 (Tex.App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.). In the affidavit at issue in *Requipco,* Robert Marron stated: "I . . . am President of Am–Tex Tank & Equipment, Inc . . . . and have full authority to make this Affidavit. I have personal knowledge of all the facts stated herein concerning the Defendant, Requipco, Inc., as set forth and contained in Plaintiff's Original Petition." *Id.* Although the appellant complained Marron did not show how he gained his personal knowledge, we decided Marron did have personal knowledge. *Id.* But *Requipco* deals with a suit on a sworn account in which the affiant was a company officer. A company's president or other officer logically would have knowledge of current debts owed to the company. Here, Devaney is not a company officer, but a claims manager. Devaney only says in her affidavit that she is the current claims manager without stating how she became familiar with the specific claim at issue or how her job duties would enable her to know about this particular claim.

*Inc.*, No. 14–99–01086–CV, 2001 WL 333228, at *4 (Tex.App.-Houston [14th Dist.] Apr. 5, 2001, no pet.) (not designated for publication) (stating in an affidavit "as Operations Manager for the Church, I would be notified of any accidents occurring on the Church premises, as well as dangerous conditions on the premises of the Church").

██ In addition to a person's job title or position, affiants should also explain how they became familiar with the facts in the affidavit. *See, e.g., Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 698 (Tex.App.-Dallas 2008, no pet.) (discussing the phrase " 'knowledge concerning its operations and organization' " was sufficient to demonstrate how the affiant became familiar with the facts in the case); *Sparks v. Cameron Employees Credit Union*, 678 S.W.2d 600, 603 (Tex. App.-Houston [14th Dist.] 1984), *disapproved of on other grounds, McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337 (Tex.1993) (stating in affidavit that affiant is the collections manager and is familiar with the plaintiff's books, files, and records). Furthermore, courts sometimes review whether the affiant is able to obtain personal knowledge because he was employed during a particular time period. *See, e.g., Winchek v. Am. Express Travel Related Servs. Co.*, 232 S.W.3d 197, 205–06 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (explaining the affiant stated he was employed with American Express for twenty-six years in the legal and collections units); *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 365 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (describing affiant's employment status in affidavit as, "I am currently the Vice President and Controller for Raytheon Aircraft Parts & Inventory Distribution. From April 1997 through August 2002, I served as the Vice President, Finance of Raytheon Travel Air

Company."). In *Lawrence Marshall Dealerships v. Meltzer*, we recently reviewed an affidavit supporting the appellant's summary judgment. No. 14–07–00920–CV, 2009 WL 136908, at *4 (Tex.App.-Houston [14th Dist.] Jan. 20, 2009, no pet.) (mem.op.). In *Meltzer*, we concluded the affidavit was not based on personal knowledge because "[a]lthough [the affiant] stated his job title, he did not identify his responsibilities or other basis for personal knowledge of the facts he asserts." *Id.*

██ In this case, Valenzuela contends Devaney lacked personal knowledge to make the affidavit. State & County's sole piece of summary-judgment evidence supporting its claims is Devaney's affidavit, which provides:

> My name is Kathy Devaney. I am over 18 years of age, of sound mind, and fully competent to make this affidavit. I am currently the Claims Manager for Plaintiff State and County Mutual Fire Insurance Company, I have personal knowledge of the facts stated herein and they are all true and correct to the best of my knowledge.

Devaney's affidavit then proceeds to discuss the facts set out in State & County's motion for summary judgment. Although the affidavit states Devaney is the current claims manager for State & County, it does not state whether she was the claims manager during the relevant time period, how her job duties as the claims manager afforded her the knowledge about Valenzuela's claim, or how she was familiar with this particular claim. The affidavit is, therefore, incompetent to prove the facts about which Devaney testifies. *See Geiselman v. Cramer Fin. Group, Inc.*, 965 S.W.2d 532, 537 (Tex.App.-Houston [14th Dist.] 1997, no pet.).

██ An affidavit not based on personal knowledge is legally insufficient. *Kerlin*, 274 S.W.3d at 668; *Radio Station KSCS,*

750 S.W.2d at 762. Without Devaney's affidavit, State & County failed to establish its entitlement to summary judgment as a matter of law; therefore, the trial court erred in granting State & County's summary judgment. *See Kerlin,* 274 S.W.3d at 668. Thus, we sustain Valenzuela's first issue on appeal. We need not discuss the second issue.

\* \* \*

For the foregoing reasons, we reverse and remand the case for further proceedings consistent with this opinion.