**Reversed and Remanded and Memorandum Opinion filed March 11, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00084-CV

_____

## CMC STEEL FABRICATORS, INC D/B/A CMC CONSTRUCTION SERVICES, Appellant

## V.

## RED BAY CONSTRUCTORS, INC., Appellee

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1014960**

## M E M O R A N D U M   O P I N I O N

CMC Steel Fabricators, Inc. brought a suit on a sworn account against Red Bay Constructors, Inc. Red Bay filed a special appearance, and the trial court granted it and dismissed the suit for lack of personal jurisdiction. CMC appealed, contending that Red Bay made a general appearance by failing to properly verify its special appearance and thereafter filing a motion for continuance. CMC also contends that the evidence is legally insufficient to support the trial court's order

because Red Bay's first set of affidavits were not based on personal knowledge, and Red Bay's supplemental affidavits were untimely and not before the trial court.

We agree with CMC's legal sufficiency point, reverse the trial court's order, and remand for further proceedings.

## I.    PROCEDURAL BACKGROUND

CMC brought a suit on a sworn account against Red Bay for an unpaid account of $35,057.52.  CMC alleged in its petition that Red Bay was "a foreign corporation that does not maintain a registered agent for service of process in the state of Texas," and acknowledged that Red Bay's address was in South Carolina. CMC also alleged, however, that "a substantial part of the acts or events or obligations of the parties were to be performed in Harris County, Texas," and that Red Bay "contractually agreed that all obligations under its course of dealing with CMC were to be performed in Harris County, Texas."

On July 10, 2012, Red Bay filed a special appearance and, subject thereto, original answer, contending Red Bay did not have sufficient minimum contacts with Texas for personal jurisdiction.  Red Bay attached (1) printouts from the South Carolina Secretary of State website for Red Bay and CMC; (2) an affidavit signed by Red Bay's attorney, James Evans; (3) a verification signed by Eric Labarca; and (4) an affidavit signed by Eric Labarca.[1]

On November 13, 2012, CMC filed a response to Red Bay's special appearance and filed written objections to all of Red Bay's evidence.  In particular, CMC objected to the affidavits and verification because they were not based on personal knowledge as required by Rule 120a(3) of the Texas Rules of Civil Procedure.

---

[1] Labarca's affidavit testimony appears in the appendix to this opinion.

2

On November 26, 2012, Red Bay filed a supplemental special appearance and attached (1) printouts from the South Carolina Secretary of State website; (2) an affidavit signed by Evans; (3) a verification that was unsigned; and (4) an affidavit for Labarca that was unsigned.[2]  On the same day, Red Bay noticed a hearing for its special appearance on December 3, the date of trial, and Red Bay filed a motion to continue and issue a new docket control order.  On November 27, 2012, Red Bay filed a supplemental affidavit signed by Evans, a supplemental verification signed by Labarca, and a supplemental affidavit signed by Labarca.

Six days later, on December 3, the trial court held a hearing on Red Bay's special appearance.  CMC's counsel complained that Red Bay's "initial affidavits that they filed were not based on personal knowledge."  CMC's counsel also objected to Red Bay's supplemental affidavits filed six days before the hearing because Rule 120a required Red Bay to serve its affidavits seven days before the hearing.  CMC's counsel asked the trial court to rule on his objections, but the court said it would rule on them at a later time.[3]

On January 8, 2013, the trial court signed an order granting Red Bay's special appearance and dismissing the case for lack of personal jurisdiction.  On January 31, CMC filed a motion for rulings on its objections, and the trial court held a hearing on February 19.  At the hearing, CMC's counsel asked the court to rule on the written objections and the oral objection regarding the timeliness of Red Bay's supplemental affidavits.  The trial court said it would not be ruling on

---

[2] The supplemental special appearance includes a certificate of service dated November 26.

[3] CMC's counsel said that he agreed to Red Bay's continuance, and the trial court granted it.

3

the objections at the time. On March 12, CMC filed a written objection to the trial court's refusal to rule on objections.[4]

CMC appealed, contending that (1) Red Bay made a general appearance rather than a special appearance due to defects in its verification and the filing of a request for a continuance; and (2) there is legally insufficient evidence to support the trial court's ruling. CMC's second issue is dispositive, and we address it below.

## II. SUFFICIENCY OF THE EVIDENCE

CMC contends the evidence is insufficient to support the trial court's order granting the special appearance because (1) Red Bay's initial affidavits were not based on personal knowledge and (2) Red Bay's supplemental affidavits were untimely. Red Bay contends that regardless of whether any of its evidence was sufficient to support the trial court's order, the trial court correctly granted the special appearance because CMC failed to adequately plead jurisdictional facts. Red Bay also contends that the trial court may consider its supplemental affidavits even though they were filed less than seven days before the hearing. Finally, Red Bay contends that CMC waived its specific complaints about Red Bay's initial affidavits not being based on personal knowledge, but regardless, Red Bay's initial affidavits were based on personal knowledge.

First, we will address whether CMC met its burden to plead jurisdictional facts. Then, we must determine what evidence was properly before the trial court and thus should be included in the sufficiency review. In this task, we will address whether Red Bay's supplemental affidavits were properly before the trial court.

_____

[4] Meanwhile, CMC also filed a request for findings of fact and conclusions of law and a notice of past due findings of fact and conclusions of law. The trial court ultimately signed findings and conclusions as follows: "The Court finds it had no personal jurisdiction over the defendant and thus, granted the Special Appearance."

4

Next, we will address Red Bay's contention that CMC waived its argument concerning the initial affidavits' failure to demonstrate personal knowledge; and we will address the admissibility of those affidavits.

After determining what evidence was properly before the trial court, we will address whether the evidence is sufficient to support the trial court's order.

## A.    CMC met its burden to plead jurisdictional facts.

CMC had the initial burden of pleading sufficient allegations to bring Red Bay, a nonresident defendant, within the reach of Texas's long-arm statute. *See Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010). Red Bay now attempts to show that even if CMC's alleged facts are true, the allegations are insufficient to establish jurisdiction. *See id.* at 659. Because this issue presents a question of law, we review it de novo. *See id.* at 657.

"The Texas long-arm statute authorizes the exercise of jurisdiction over a nonresident defendant who does business in Texas." *Perna v. Hogan*, 162 S.W.3d 648, 652 (Tex. App.—Houston [14th Dist.] 2005, no pet). The statute provides that "a nonresident does business in this state if the nonresident . . . contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state." Tex. Civ. Prac. & Rem. Code Ann. § 17.042. Thus, we have noted that a contract's "place of performance is an important consideration" for determining whether personal jurisdiction is satisfied. *Citrin Holdings, LLC v. Minnis*, 305 S.W.3d 269, 281 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ("A contract calling for performance in Texas can support personal jurisdiction in appropriate circumstances.").

In its petition, CMC alleged that "all or a substantial part of the acts or events or obligations of the parties were to be performed in Harris County, Texas." Further, CMC alleged that Red Bay "contractually agreed that all obligations under

5

its course of dealing with CMC were to be performed in Harris County, Texas." These allegations are sufficient to bring Red Bay within the reach of Texas's long-arm statute. *See Info. Servs. Group Inc. v. Rawlinson*, 302 S.W.3d 392, 399 n.4 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (liberally construing the pleadings, holding that although the defendant lacked minimum contacts with Texas, the plaintiffs satisfied their initial pleading burden by alleging that the defendant entered into a contract with Texas companies calling for performance in part in Texas, engaged in significant activities in or related to Texas, and conducted business in Texas); *Huynh v. Nguyen*, 180 S.W.3d 608, 619 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("This minimal pleading requirement is satisfied by an allegation that the nonresident defendants are doing business in Texas.").

Red Bay cites *McKanna v. Edgar*, 388 S.W.2d 927 (Tex. 1965), for the proposition that "a 'legitimate inference' can by drawn that [Red Bay] does not do business in Texas if it doesn't maintain a designated agent for service." In *McKanna*, however, the Texas Supreme Court **rejected** the court of appeals' inference that the defendant did not maintain a place of regular business in Texas or designate an agent for service in Texas by the mere allegation that service could be made on the Secretary of State of Texas. *See id.* at 929–30. In fact, the court found the plaintiff's allegation sufficient to satisfy the Texas long-arm statute for "doing business" in Texas because the plaintiff alleged that the defendant executed and delivered a "note payable to the order of plaintiff at 1210 Perry-Brooks Building, Austin, Texas." *Id.* at 929. The parties had even stipulated that the defendant was doing business in Texas, so that issue was not before the court. *Id*. *McKanna* is inapplicable.

Because CMC met its pleading burden, the burden shifted to Red Bay to negate all bases of personal jurisdiction alleged by CMC. *See Kelly*, 301 S.W.3d at 658. Red Bay needed to negate jurisdiction by presenting evidence that it did not have sufficient contacts with Texas for personal jurisdiction, effectively disproving CMC's allegations. *See id.* at 659. CMC contends that Red Bay failed to negate jurisdiction because all of Red Bay's evidence was either (1) untimely and therefore not properly before the trial court, or (2) not based on personal knowledge and therefore inadmissible. We will address each contention in turn.

## B. Red Bay's supplemental affidavits were not before the trial court.

The Texas Rule of Civil Procedure governing special appearances requires that any affidavits filed by the parties "shall be served at least seven days before the hearing." Tex. R. Civ. P. 120a(3). We have previously held that a movant's affidavits filed in noncompliance with this deadline are "not properly before the trial court and should not be considered." *Tempest Broad. Corp. v. Imlay*, 150 S.W.3d 861, 870 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see also Said v. Maria Invs., Inc.*, No. 01-08-00962-CV, 2010 WL 457463, at *3–4 (Tex. App.— Houston [1st Dist.] Feb. 11, 2010, pet. denied) (mem. op.) (trial court erred by considering late-served affidavits in support of the special appearance).

Red Bay concedes that its signed supplemental affidavits were not served until six days before the hearing on its special appearance. Red Bay contends, however, that the trial court had discretion to consider the supplemental affidavits, and we should presume the trial court allowed the late filing. We rejected this argument in *Imlay*. *See* 150 S.W.3d at 870. Although the trial court has discretion to allow the ***opposing*** party to file late affidavits upon showing that he cannot present facts essential to justify his opposition, the rule does not address the movant's tardy affidavits. *See id.* (citing *Potkovick v. Reg'l Ventures, Inc.*, 904

7

S.W.2d 846, 850 (Tex. App.—Eastland 1995, no writ)); *see also Said*, 2010 WL 457463, at *3.[5]  Red Bay's authorities concerning a trial court's discretion on the timeliness issue are inapplicable.  *See S.P.A. Giacomini v. Lamping*, 42 S.W.3d 265, 269–70 (Tex. App.—Corpus Christi 2001, no pet.) (movant was objecting to the non-movant's affidavits); *Potkovick*, 904 S.W.2d at 850 (same).

Red Bay contends that the right to amend a special appearance motion[6] should apply to evidentiary affidavits, citing *Dawson-Austin v. Austin*, 968 S.W.2d 319 (Tex. 1998), wherein the Texas Supreme Court held that an unverified special appearance could be cured by amendment with the filing of a verification at any time before there is a general appearance.  *See id.* at 322 (citing Tex. R. Civ. P. 120a(1)).  *Dawson-Austin* involved the question of when a defendant waives his special appearance; it did not involve defective affidavits filed as evidentiary support of the special appearance under Rule 120a(3).  *See id.*  In reaffirming the holding of *Dawson-Austin*, the Texas Supreme Court in *Exito Electronics, Co. v. Trejo*, 142 S.W.3d 302 (Tex. 2004), held that a defective verification and affidavit would not result in waiver of a defendant's special appearance.  *Id.* at 307–08.  The court of appeals had concluded that the affidavit failed to demonstrate the affiant's personal knowledge, among other defects, and thus did not comply with Rule 120a(3); and the court of appeals held that the filing of a special appearance with no evidentiary support in compliance with Rule 120a(3) resulted in the defendant waiving its special appearance.  *See Exito Elecs., Co. v. Trejo*, 99 S.W.3d 360,

---

[5] Rule 120a(3) states, "Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."  Tex. R. Civ. P. 120a(3).

[6] *See* Tex. R. Civ. P. 120a(1) ("A special appearance . . . may be amended to cure defects.").

372–73 (Tex. App.—Corpus Christi 2003), *rev'd*, 142 S.W.3d 302 (Tex. 2004). The Texas Supreme Court reversed, reasoning that such defects would not result in a waiver, but rather, "[a]ny defect in proof goes to the merits." 142 S.W.3d at 308. Likewise, we now evaluate the propriety of considering Red Bay's evidence as part of our review of the merits of its special appearance; we do not hold that Red Bay waived its special appearance by the mere fact that its supplemental affidavits were untimely. *Dawson-Austin* does not stand for the proposition that a special appearance may be amended with evidentiary affidavits less than seven days before the hearing.

Finally, Red Bay contends that the supplemental affidavits should be considered because CMC was not prejudiced by Red Bay's tardy filing. Red Bay notes that (1) Red Bay had served identical unsigned and unsworn affidavits on CMC seven days before the hearing; (2) the supplemental affidavits were identical to the original affidavits "except for the inclusion of the words 'personal knowledge'"; and (3) CMC did not ask for additional time to respond to Red Bay's supplemental affidavits or gather additional evidence. Notwithstanding Red Bay's failure to cite any authority suggesting that prejudice is an appropriate inquiry at this stage of the proceedings, we note that unsigned and unsworn statements are generally not considered evidence,[7] and it was not CMC's burden to ask for additional time; rather, Red Bay could have "requested leave of court to re-open the evidence in a subsequent hearing to add the tardy affidavit." *Imlay*, 150 S.W.3d at 870.

Accordingly, consistent with the precedent of this court and other courts of appeals, Red Bay's untimely supplemental affidavits were not properly before the

---

[7] *See, e.g.*, *Alaniz v. Rebello Food & Beverage, L.L.C.*, 165 S.W.3d 7, 14 n.12 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

trial court, and we will not consider them when reviewing the sufficiency of the evidence to support the trial court's order. *See id.*; *Said*, 2010 WL 457463, at \*4; *see also Hale v. Richey*, No. 10-11-00187-CV, 2012 WL 89920, at \*8 (Tex. App.—Waco Jan. 11, 2012, no pet.) (mem. op.) (holding that the defendant's "supplemental affidavit was untimely and, therefore, not properly before the trial court and should not be considered").

**C.    CMC preserved error regarding its objection to Red Bay's original affidavits not being made on personal knowledge.**

Turning to Red Bay's original affidavits, Red Bay contends that CMC's objections in the trial court regarding lack of personal knowledge were more limited than CMC's complaints on appeal, and Red Bay repeatedly notes that the trial court never ruled on CMC's objections. Red Bay also contends that CMC failed to state "any basis for a lack of actual personal knowledge" by the affiants, and that if Red Bay "had been put on notice as to CMC's specific objections as to the contents of the affidavits and verification at any time prior to [Red Bay's] Reply Brief, then Red Bay could have taken steps to appropriately amend the affidavits."

Thus, Red Bay appears to argue that CMC failed to preserve error. *See, e.g.*, *Wash. DC Party Shuttle, LLC v. IGuide Tours*, 406 S.W.3d 723, 736 (Tex. App.—Houston [14th Dist.] 2013, pet. filed) (en banc) (litigants must preserve complaints about a special appearance affiant's lack of personal knowledge by objecting and obtaining a ruling from the trial court); *Moran v. Mem'l Point Prop. Owners Ass'n, Inc.*, 410 S.W.3d 397, 407 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (complaints on appeal must comport with objections raised in trial court to preserve error); *Zurita v. Lombana*, 322 S.W.3d 463, 477 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (issues not raised until a reply brief are waived).

10

Rule 33.1 of the Texas Rules of Appellate Procedure requires a litigant to preserve error by making an objection that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint; and the trial court must rule on the objection, or refuse to rule on the objection with the complaining party objecting to the refusal. *See* Tex. R. App. P. 33.1.

First, we will review CMC's conduct in the trial court. CMC filed written objections to the affidavits before the special appearance hearing, complaining in particular about Labarca's affidavit: "CMC objects to the affidavit of Eric Labarca attached to Red Bay's special appearance because it does not state that the affidavit is based on his personal knowledge nor does it state that the facts recited therein are true and correct. Therefore, the affidavit is not based on personal knowledge as required by Tex. R. Civ. P. 120a(3) which requires affidavits be made on personal knowledge." At the special appearance hearing, CMC's counsel complained that Red Bay's "initial affidavits that they filed were not based on personal knowledge." CMC's counsel asked the trial court to rule on the objections, and when the court did not rule before granting the special appearance, CMC filed a motion for rulings on its objections. When the trial court again refused to rule on CMC's objections, CMC filed a written objection to the trial court's refusal to rule on the written and oral objections.

We hold that CMC's conduct in the trial court was adequate to preserve error for appellate review. CMC made a specific objection and then objected to the trial court's failure to rule. Red Bay had the opportunity to correct any defects in its evidence, and it attempted to do so, but failed because its supplemental affidavits were untimely. Red Bay cites no authority on appeal suggesting that CMC needed to be more specific in its objections, and we have found none.

11

We now turn to Red Bay's allegation that CMC raised a new issue in its appellate reply brief. In its opening brief on appeal, CMC argued that the evidence is legally insufficient because Red Bay's affidavits were "not based on personal knowledge [and] are hearsay," which "will not support a judgment or other final order." Then, when Red Bay made specific arguments in its response brief about why Labarca's initial affidavit demonstrated personal knowledge (despite the lack of any statement in the affidavit that it was based on personal knowledge), CMC made a more detailed argument in its reply brief concerning how a job title alone did not demonstrate personal knowledge. Red Bay then filed a sur-reply brief, which we considered, affording Red Bay the opportunity to respond to CMC's reply brief.

We conclude that CMC's reply brief did not raise an additional issue and merely addressed a matter raised in Red Bay's brief. *See* Tex. R. App. 38.3 ("The appellant may file a reply brief addressing any matter in the appellee's brief."). Thus, CMC preserved error, and we will now address the merits of whether Labarca's initial affidavit was admissible.[8]

## D.   Labarca's affidavit was inadmissible and should not be considered when reviewing the sufficiency of the evidence.

We review a trial court's evidentiary ruling for an abuse of discretion. *See Asshauer v. Farallon Capital Partners, L.P.*, 319 S.W.3d 1, 12 (Tex. App.—Dallas 2008, no pet.) (reviewing for an abuse of discretion whether a special appearance affidavit was made on personal knowledge). Any affidavits filed as evidentiary support for a special appearance "shall be made on personal knowledge." Tex. R. Civ. P. 120a(3). If such an affidavit is not made on personal knowledge, then it

---

[8] We do not address the admissibility of Evans's affidavit and its attachments of website printouts because, as addressed below, it alone does not negate CMC's jurisdictional allegations or support the trial court's order.

may not be considered in a sufficiency review. *See Urban v. Barker*, No. 14-06-00387-CV, 2007 WL 665118, at \*2–3, \*7 (Tex. App.—Houston [14th Dist.] Mar. 6, 2007, no pet.) (mem. op.) (reversing trial court's denial of the special appearance after finding the plaintiff's affidavit was not based on personal knowledge and could not be considered). *See generally City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005) (reciting the general rule that a "no evidence" point must be sustained when the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact).

"For an affidavit to have probative value, an affiant must swear that the facts presented in the affidavit reflect his personal knowledge." *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 224 (Tex. 2004). "However, an affidavit does not need to specifically state that it is made on personal knowledge if the statements in the affidavit show the affiant was speaking from personal knowledge." *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 669 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). An affiant's statements concerning his or her job title or responsibilities may demonstrate an affiant's personal knowledge of the facts alleged. *Valenzuela v. State & Cnty. Mut. Fire Ins. Co.*, 317 S.W.3d 550, 553 (Tex. App.—Houston [14th Dist.] 2010, no pet.). But statements in the affidavit require factual specificity, such as the place, time, and exact nature of the alleged facts. *Pipkin*, 383 S.W.3d at 669. "A special appearance affidavit must be 'direct, unmistakable, and unequivocal' as to the facts sworn to, so that perjury can be assigned upon it." *Urban*, 2007 WL 665118, at \*2 (quoting *Int'l Turbine Serv., Inc. v. Lovitt*, 881 S.W.2d 805, 808 (Tex. App.—Fort Worth 1994, writ denied)). "The key is whether the affidavit clearly shows the affiant is testifying from personal knowledge." *Pipkin*, 383 S.W.3d at 669 (quotations omitted). "The

13

affidavit must 'itself' state the facts and demonstrate the affiant's competency." *Valenzuela*, 317 S.W.3d at 553.

For example, this court held that an affidavit did not show it was based on personal knowledge when the affiant stated his job title, but he "did not identify his responsibilities or other basis for personal knowledge of the facts he assert[ed]." *Lawrence Marshall Dealerships v. Meltzer*, No. 14-07-00920-CV, 2009 WL 136908, at *4 (Tex. App.—Houston [14th Dist.] Jan. 20, 2009, no pet.) (mem. op.). In another decision of this court, the affiant said he had personal knowledge of the facts stated in the affidavit and said he was a claims manager for the plaintiff. *Valenzuela*, 317 S.W.3d at 554. However, this court held the affidavit was not based on personal knowledge because the affidavit did not show whether the affiant "was the claims manager during the relevant time period, how her job duties as the claims manager afforded her the knowledge about [the defendant's] claim, or how she was familiar with this particular claim." *Id.*

In another decision of this court refusing to consider an affidavit submitted in response to a special appearance, the affiant had sued the defendant regarding a stock transaction involving the affiant's late husband. *Urban*, 2007 WL 665118, at *2–3. Although the affiant said in her affidavit that she had personal knowledge of the matters stated in the affidavit and that she was married to her late husband, the affidavit "lack[ed] facts as to when they married, or even if she was married to [her late husband] when the original transaction occurred." *Id.* at *2 & n.2. Further, this court found several of the affiant's statement to not be direct, unmistakable, or unequivocal because the affiant referred to events happening at unspecific times, such as "October or November 2004" and "sometime in mid 2005." *Id.* at *2.

Red Bay's affidavit from Labarca contains no recital that it is based on personal knowledge. Labarca states, "In or about 2002, I formed Red Bay

Constructors, Inc., a South Carolina corporation." However, that statement is the extent of Labarca's testimony concerning his involvement with Red Bay, and it is not direct, unmistakable, or unequivocal. *See id.* Labarca does not describe his job title, responsibilities, or involvement with Red Bay. Labarca does not explain how he obtained any knowledge of Red Bay's dealings with CMC, or whether he was at the company during the relevant time periods, or whether he was involved in the transactions with CMC at all. The affidavit itself does not demonstrate Labarca's personal knowledge of Red Bay's dealings with CMC.[9]

Red Bay contends, however, that Labarca's personal knowledge is shown by the notary's statement appearing in the affidavit before Labarca's testimony: "Before me, the undersigned authority, appeared Eric Labarca, ***an executive officer*** of Red Bay Constructors, Inc. . . . ." (emphasis added). Red Bay cites no authority for considering this statement from the notary—which is not actually part of Labarca's testimony—and we have found none. Therefore, we do not consider it when determining if Labarca demonstrated personal knowledge in his affidavit.

Accordingly, the trial court would have abused its discretion in considering Labarca's affidavit, and we will not consider it when reviewing the sufficiency of the evidence.

## E.    The evidence is legally insufficient to support the trial court's finding of a lack of personal jurisdiction.

On its special appearance, Red Bay had the burden to negate all bases of personal jurisdiction asserted by CMC. *See BMC Software Belgium, N.V. v.*

_____

[9] We note further that the credit application or contract referenced by both parties does not contain Labarca's name. Nor is Labarca's name found anywhere in CMC's petition or Red Bay's special appearance, nor in the invoices CMC attached to its petition. There is simply no way to determine from this record how Labarca would have had personal knowledge of whether Red Bay was to perform or actually performed any of its obligations under a contract with CMC in Texas, as alleged in CMC's petition.

*Marchand*, 83 S.W.3d 789, 793 (Tex. 2002). CMC contends that Red Bay failed to meet its burden and the evidence is legally insufficient to support the trial court's order. *See id.* at 794 (parties may challenge sufficiency of the evidence supporting a trial court's findings on a special appearance). As discussed above, CMC claimed the trial court could exercise personal jurisdiction based on the allegations that "a substantial part of the acts or events or obligations of the parties were to be performed in Harris County, Texas," and that Red Bay "contractually agreed that all obligations under its course of dealing with CMC were to be performed in Harris County, Texas."

Without Labarca's affidavit, there is no evidence to disprove CMC's allegations, and the trial court could not have found that Red Bay lacked minimum contacts with Texas for a court in this state to assert personal jurisdiction. Although Red Bay's special appearance was verified, it is not evidence. *See Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) ("Generally, pleadings are not competent evidence, even if sworn or verified."); *cf. White v. State*, 871 S.W.2d 833, 836 (Tex. App.—Houston [14th Dist.] 1994, no pet.) ("[A] motion, sworn or otherwise, is not evidence."), *overruled on other grounds by Richards v. State*, 150 S.W.3d 762 (Tex. App.— Houston [14th Dist.] 2004, pet. ref'd). Even if Evans's first supplemental affidavit and the attachments from the South Carolina Secretary of State website were admissible and served timely,[10] Evans's affidavit merely served to authenticate two website printouts showing that Red Bay and CMC had registered agents in South Carolina. Evans's affidavit and attachments did not disprove CMC's allegations

---

[10] We note that Evans's first supplemental affidavit, was signed and attached to Red Bay's supplemental special appearance, and dated November 26 (along with an unsigned affidavit and verification for Labarca). A certificate of service in the clerk's record indicates service was made on November 26, a day before Red Bay served Labarca's signed affidavit.

concerning Red Bay's contacts with Texas or establish that Red Bay lacked minimum contacts with Texas.

Because Red Bay failed to disprove the alleged basis for jurisdiction, there is legally insufficient evidence supporting the trial court's order. CMC's second issue is sustained.

### III.   CONCLUSION

Having sustained CMC's second issue, we reverse the trial court's order and remand for proceedings consistent with this opinion.


/s/          Sharon McCally
             Justice

Panel consists of Justices McCally, Busby, and Donovan.

1. My name is Eric Labarca, and I am in all things competent to make this affidavit.

2. In or about 2002, I formed Red Bay Constructors, Inc. ("Red Bay"), a South Carolina corporation. From its inception, Red Bay did business with CMC Steel Fabricators d/b/a CMC Construction Services ("CMC") a foreign corporation duly authorized to conduct business in South Carolina and having a principal place of business in North Charleston, South Carolina. Red Bay made purchases from CMC and rented equipment from CMC for use in Red Bay's construction business in South Carolina.

3. I have never been to Texas and Red Bay has never done any business in Texas. Specifically, Red Bay has never done any business with CMC in Texas.

4. Red Bay never established an office in Texas, nor did it solicit business, directly or indirectly, in Texas. Red Bay never had any dealings with CMC other than as set forth in this Affidavit and the Special Appearance and General Denial above.

7. [sic] At all relevant times, CMC maintained an office and yard in South Carolina and all business done with CMC by Red Bay was accomplished through CMC's South Carolina operation and location. In fact, CMC is still listed with the South Carolina Secretary of State as a corporation in good standing to conduct business in South Carolina.

8. All financial and other dealings between Red Bay and CMC originated and were completed in South Carolina.

9. Due to the failure of CMC to provide adequate and timely equipment to Red Bay as contracted and committed to, Red Bay is not indebted to CMC in any amount.

10. Further, Affiant sayeth not.