ACCEPTED
03-15-00020-CV
4961005
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/20/2015 5:20:05 PM
JEFFREY D. KYLE
CLERK

FILED
*April 21, 2015*
Third Court of Appeals
Jeffrey D. Kyle
Clerk

NO.03-15-00020-CV

_____

IN THE COURT OF APPEALS
FOR THE THIRD SUPREME JUDICIAL DISTRICT
AUSTIN, TEXAS

_____

JAMES V. LONG.,

Appellant,

-*versus*-

SOUTHWEST FUNDING LP, et al.,

Appellees.

_____

Appeal from the 126th Judicial District Court,
of Harris County, Texas
Honorable Tim Sulak, Presiding

_____

**BRIEF OF APPELLANT
JAMES V. LONG**

_____

**Oral Argument Waived**

James D. Pierce
Attorney for Appellant
1 Sugar Creek Center 1080
Sugar Land, TX 77478
713-650-0150
jim@jamespierce.com
Attorney for Appellant
James V. Long

Page -1-

## IDENTITY OF PARTIES AND COUNSEL

For the sake of simplicity the parties are sometimes referred by their name or by their designation below. The following is a complete list of all the parties and their attorneys.

| Plaintiff/Appellee | Defendant/Appellant |
|---|---|
| **James V. Long**<br>Austin, Texas | **Southwest Funding, LP**<br>Dallas, Texas |
| Attorney: | Attorney: |
| Mr. James D. Pierce<br>SBN: 06702350<br>Attorney At Law<br>1 Sugar Creek Center 1080<br>Sugar Land, Texas 77478<br>713-650-0150<br>713-650-0146 Fax | Brian P. Casey<br>6836 Bee Caves Suite 272<br>Austin, Texas 78746<br>512-617-6409<br>SBN 00793476 |
| | **Deutsche Bank National Trust Company,**<br>**Indy Mac Mortgage Services and**<br>**One West Bank, FSB**<br>Pasadena, CA 91101 |
| | Attorney:<br>Mark P. Hopkins<br>Hopkins & Williams, P.L.L.C.<br>12117 Bee Caves Road, Suite 260<br>Austin, TX 78738<br>(512)600-4320 |
| | Lauren E. Hayes<br>SettlePou<br>3333 Lee Parkway Eighth Floor<br>Dallas, TX 75129<br>214-520-3300 |

## WAIVER OF ORAL ARGUMENT

Appellant respectfully waives oral argument.

## TABLE OF CONTENTS

COVER PAGE                                              1

IDENTITY OF PARTIES AND COUNSEL                         2

WAIVER ORAL ARGUMENT                                    3

THIS TABLE OF CONTENTS                                  4

INDEX OF AUTHORITIES                                    5

ADDRESS TO THE COURT                                    6

STATEMENT OF THE CASE                                   7

ISSUE PRESENTED                                         9

STATEMENT OF FACTS                                      10

SUMMARY OF ARGUMENT                                     12

ARGUMENT & AUTHORITIES                                  13

    Summary Judgment Standards                        13

    Affidavit Requirements                            13

    Genuine Issues of Material Fact                    15

PRAYER                                                  18

CERTIFICATE OF COMPLIANCE                               19

CERTIFICATE OF SERVICE                                  20
Appendix 1  (Order being Appealed)
Appendix 2    (Second Order being Appealed)

# INDEX OF AUTHORITIES

*Cases*

Espalin v. Children's Med. Ctr. of Dallas, 27 S.W.3d 675     13
(Tex. App.-Dallas 2000, no pet.)

Humphreys v. Caldwell, 888 S.W.2d 469, 470 (Tex. 1994).     14

McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337 (Tex. 1993)     13

Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546 (Tex. 1985)     13

Powell v. Vavro, McDonald, & Assoc., L.L.C., 136 S.W.3d 762     12, 15
(Tex.App.-Dallas 2004, no pet.)

Rivera v. Countrywide Home Loans, Inc., 262 SW3d 834     16-17
(Tex. App.-Dallas 2008, no pet.)

Rowland v. California Men's Colony, Unit II Mens Advisory Council,     12, 14
506 U.S. 194(1992)

Ryland Group v. Hood, 924 S.W.2d 120 (Tex. 1996)     13-14

Valenzuela v. State & Cnty. Mut. Fire Ins. Co., 317 S.W.3d 550     12, 14
(Tex. App.-Houston [14th Dist.] 2010, no pet.)

*Texas Constitution*

Tex. Const. Art. 16 Sec. 50(6)     7-8, 13, 16-17

*Rules and Statutes*

Tex. R. Civ. P. 166a(f)     12, 16

Tex. Gov't Code § 312.011     14

NO.03-15-00020-CV

_____

IN THE COURT OF APPEALS
FOR THE THIRD SUPREME JUDICIAL DISTRICT
AUSTIN, TEXAS

_____

JAMES V. LONG.,

Appellant,

-*versus*-

SOUTHWEST FUNDING LP, et al.,

Appellees.

_____

**BRIEF OF APPELLANT**
**JAMES V. LONG**

TO THE HONORABLE THIRD COURT OF APPEALS:

COMES NOW, Appellant, James V. Long., Respondent, below in Trial Court Number D-1-GN-10-003483 in the $126^{st}$ Judicial District Court of Harris County, Texas, Honorable Tim Sulak, presiding, and respectfully submits this his Brief for the purpose of appealing the Orders Granting Summary Judgment (Clerk's Record at p. 350, 363)

As required by the applicable rules, the parties will be referred to as Appellant and Appellees, their designation below, or by the proper names. The record on appeal consists of a one volume Clerk's Record (CR).

## STATEMENT OF THE CASE

This is an appeal of the granting of a summary judgment for "declaratory judgment" foreclosure of on a loan against Appellant's homestead, and dismissal of claims related to a putative prior foreclosure later admitted to be wrongful. (CR 350, CR 313). In 2010, Deutsche Bank, brought home equity foreclosure proceedings. On July 23, 2010, Deutsche Bank obtained an order of foreclosure. (CR. 305) On September 2, the foreclosure order was set aside. (CR 305, 312). On September 7, 2010, signed and filed a foreclosure deed on Appellant's homestead.

On September 28, 2010, Long filed this *pro se* suit for damages related to the wrongful foreclosure, and irregularities in connection with the loan.(CR 4, CR. 24). On June 14, 2011, Deutsche Bank counterclaimed for declaratory judgment to confirm its prior sale, and in the alternative for foreclosure. On May 14, 2013, Deutsche Bank filed with the Travis County property records an acknowledgment that its prior foreclosure in 2010 was void as it failed to comply with "one or more conditions precedent...." (CR. 313). Deutsche Bank, joined by related Defendants, filed a Motion for Summary Judgment. (CR 182). Long challenged the sufficiency of the summary judgment evidence, and challenged Defendants' compliance with the constitutional requirements of Tex. Const. Art. 16 Sec. 50(6). He offered evidence that the market value loan ratio exceeded that permitted by Tex. Const Art. 16, Sec.

50(6)(B).  (CR 303, 315). The Court granted Deutsche Bank's Motion. (CR 350).  It

later granted Southwest Funding L.P.'s summary judgment which simply adopted

Deutsche Bank's motion. (CR 318, 363).

## ISSUE PRESENTED

## FIRST POINT OF ERROR

EXCEPT AS TO PLAINTIFF'S FRAUD CLAIM,[1] THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR DEFENDANTS.

---

[1]. Appellant concedes the court did not err in granting the no evidence motion for summary judgment directed at Appellant's common law fraud claim.

STATEMENT OF FACTS

The property located at 608 Cutlass, Lakeway, Texas is appellant's homestead. (CR at p. 303). Two suits were brought concerning the putative foreclosure of the property including the case below. In 2010, Defendant/Appellee, Deutsche Bank National Trust Co., claiming to be the holder and owner of the home equity loan, sued Long seeking a home equity foreclosure order. (CR. 305, 312). Although initially obtaining its foreclosure order (CR, at 305), the order was set aside by order granting new trial in September of 2010. (CR at. 312). While the record in this Court does not indicate the current status of the first suit (Cause No. D-1-GN-10-000461), it was dismissed.[2]

On September 28, 2010, Long brought the instant suit, *pro se*, alleging irregularities in the original loan by Southwest Funding, LP seeking rescission and later damages for wrongful foreclosure against Deutsche Bank. (CR. at pp. 4, 32). On June 14, 2011, Deutsche Bank filed a counterclaim (CR at 22) seeking a declaratory judgment, and Request for Foreclosure pursuant to Rule 735(2). (CR at 26-27) On May 14, 2013, Duetsche Bank National Trust Co., filed a "Statement of Facts to Purge Real Property Records" with the Travis County property records in which it admitted it improperly foreclosed on Plaintiff's property in 2010, and that conditions

_____

[2]. The current status of the suit is not material to the appeal but is provided for background.

precedent to foreclosure had not been met. (Id. at 313).

On November 12, 2013, Defendant's Onewest Bank, FSB, IndyMac Mortgage Services and Deutsche Bank National Trust Co., filed a motion for Summary Judgment. (CR at 182). The Motion stated that these defendants sought both a traditional and "no evidence" motion for summary judgment. The no evidence motion was only directed to Long's common law fraud claim. (CR at 194). The order granting the no evidence summary judgment on Plaintiff's fraud claim is not being appealed. The remainder of OneWest Bank, FSB, IndyMac Mortgage Services and Deutsche Bank National Trust Co., motion sought a traditional summary judgment for A) Deutsche Bank's Declaratory Judgment for Foreclosure Claims (CR. 187), B) Long's Claims under TILA (CR at 189) C) Long's Claims for Wrongful Foreclosure (CR 190), and D) Long's claims for fraud (CR 192). On January 21, 2014, the court granted OneWest Bank, FSB, IndyMac Mortgage Services and Deutsche Bank National Trust Co., motion for summary judgment. Southwest Funding filed an adoption of OneWest Bank, FSB, IndyMac Mortgage Services and Deutsche Bank National Trust Co., motion for summary judgment, which was granted October 9, 2014.

## SUMMARY OF ARGUMENT

The traditional motion for summary judgment was not supported by affidavit that complied with Tex. R. Civ. P. 166a(f). The affidavit supporting the motion for summary judgment was signed as if a corporation was testifying:

FURTHER AFFIANT SAYETH NOT.

SIGNED this _____ day of __JUL 1 5 2013__ 2013.

OneWest Bank, FSD
By: Charles Boyle
Its: Vice President

Rowland v. California Men's Colony, Unit II Mens Advisory Council, 506 U.S. 194, 204-06 (1992) (corporation does not have the capacity to give an affidavit because it cannot be charged and jailed imprisoned for perjury). Additionally, the affidavit failed "set forth such facts as would be admissible in evidence, and . . . show affirmatively that the affiant was competent to testify to the matters stated therein." Tex. R. Civ. P. 166a(f); Valenzuela v. State & Cnty. Mut. Fire Ins. Co., 317 S.W.3d 550, 552-54 (Tex. App.-Houston [14th Dist.] 2010, no pet.). The deposition excerpts from the Long are unconnected questions and provide no evidence on the merits of the issues in this case. Deutsche Bank filed a sworn statement in the property records of Travis County admitting that its prior foreclosure was "void, and without force and effect, and that it failed to meet "conditions precedent required by Tex. R. Civ. P. 54 and Tex. Prop. Code 51.002." (CR 313). For all these reasons summary judgment was improper.

## ARGUMENT & AUTHORITIES

### *Summary Judgment Standards*

The standards granting a traditional summary judgment are well established. The party moving for summary judgment has the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. See Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). In deciding whether a disputed material fact issue exists, precluding summary judgment, evidence favorable to the non-movant will be taken as true. Nixon, 690 S.W.2d at 548-49. Further, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. Id. A motion for summary judgment must expressly present the grounds upon which it is made and must stand or fall on those grounds alone. McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993); Espalin v. Children's Med. Ctr. of Dallas, 27 S.W.3d 675, 688 (Tex. App.-Dallas 2000, no pet.).

### *Affidavit Requirements*

A summary-judgment affidavit must state that it is based on the affiant's personal knowledge and that the facts in it are true. TEX. R. CIV. P. 166a(f) ("supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."); Ryland Group v.

Hood, 924 S.W.2d 120, 122 (Tex. 1996); Humphreys v. Caldwell, 888 S.W.2d 469, 470 (Tex. 1994). If an affidavit does not positively show a basis for the affiant's knowledge, the mere recitation that it is based on personal knowledge is inadequate .Valenzuela v. State & Cnty. Mut. Fire Ins. Co., 317 S.W.3d 550, 552-54 (Tex. App.-Houston [14th Dist.] 2010, no pet.). The "affidavit" of Representative of One West Bank, FSB (CR 19), is wholly inadequate. Initially, the document is not even an affidavit, because a corporation cannot testify. See, Tex. Gov't Code § 312.011(affidavit must be signed by a party). The subject affidavit is signed as follows:

FURTHER AFFIANT SAYETH NOT.

SIGNED this _____ day of __JUL 1 5 2013__ 2013.

OneWest Bank, FSB
By: Charles Boyle
Its: Vice President

A signature in a corporate capacity is not an affidavit. Rowland v. California Men's Colony, Unit II Mens Advisory Council, 506 U.S. 194, 204-06 (1992) (corporation does not have the capacity to give an affidavit because it cannot be charged and jailed imprisoned for perjury). This signature block would not support a perjury charge. Further the documents, referenced are not OneWest Bank documents. The corporate "affidavit" does not show how the witness would have knowledge of documents 1-A though 1-F (CR 200 to 231). Documents received from another entity are not

admissible under rule 803(6), if the witness is not qualified to testify about the other entity's record keeping. <u>Powell v. Vavro, McDonald, & Assoc., L.L.C.</u>, 136 S.W.3d 762, 765 (Tex.App.-Dallas 2004, no pet.) (custodian of records for travel agency was not qualified to testify as to records received from third-party company, showing credits to customers' credit card account). Exhibits 1A to 1 F, are not properly authenticated by a witness with knowledge. There is no showing as to why these documents are business records of OneWest Bank.

### *Genuine Issues of Material Fact*

Deutsche Bank National Trust Company, as Trustee of the Indymaac Indx Mortgage Trust 2007-AR13, etc. filed with the Travis County property records a document title "Statement of Facts to Purge Real Property Records." (CR at 313. In that document it admits to having participated and conducted an invalid foreclosure in 2010 as it pertains to James V. Long and his property at 608 Cutlass Way, Lakeway, TX. The document recites that a foreclosure sale was held on September 7, 2010. It acknowledges that the sale was improper and that the deed in connection therewith filed two and one half years earlier was "void and without force and effect." Its declaratory judgment claim (count 1) is moot. The document specifically states that one or more conditions precedent were not performed. The summary judgment evidence does not attempt to provide evidence that Deutsche Bank did anything to correct its prior problems even assuming such were correctable.

As pointed out above, none of the supposed summary judgment evidence it did present did not comply with Tex R. Civ. P. 166a(f). The excerpts from the deposition of James V. Long are disjointed, and did not address any issue in this case, and do not support summary judgment.

Long presented evidence that Deutsche Bank was not the holder of the note. (CR. at 303). He states he made numerous demands to review the note. He stated that Dutche Bank representatives advised him that the note could not be located. (CR. At 303). A fact question is raised as to whether Deutsche Bank was the note holder.

Southwest Funding LP was not on the list of supervised and registered licensed entities. (CR at 303). It was therfore not authorized to make a home equity loan. Home Equity Loans. Tex. Const. Art. 16 Sec. 50(6)(P). The purported extension of credit exceeded the fair market value ratio provided for in Tex. Const. Art. 16 Sec. 50(6)(B). (CR at 303 paragraph 5, CR at 315, CR 200). The purported loan amount was $710,400.00. (CR 200). Under the Texas constitution, the fair market value of the property would have to be at least $888,000.00 to support this loan. (888,000 x 0.80 = 710,400). The appraisal district market value was $608,770.00. (CR 315). Long testified that the value was under $704,000. The consequence of making this type of loan is forfeiture of principal and interest. <u>Rivera v. Countrywide Home Loans, Inc</u>., 262 SW3d 834, 840 (Tex. App.-Dallas 2008, no pet.):

> The constitution provides that the cap on the amount of the home equity loan must not exceed eighty percent of the fair

market value of the homestead "on the date the extension of credit is made." TEX. CONST. art. XVI, § 50(a)(6)(B) (emphasis added). See also TEX. CONST. art. XVI, § 50(a)(6)(J) (may not accelerate home equity loan because of decrease in homestead market value). Under the constitutional amendment, when a lender makes a loan in violation of the eighty-percent cap, the borrower has a right to bring suit for forfeiture of all principal and interest resulting from the extension of credit at any time after the loan closes. TEX. CONST. art XVI, § 50(Q)(x).

Id.. Deutche Bank offered no summary evidence that it complied with all the requirements of Tex. Const. Art. 16 Sec. 50(6). The court erred in granting summary judgment.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays that the Court reverse the Orders Granting Summary Judgment except as to the no evidence motion for summary judgment concerning Appellant's common law fraud claim, remand for new trial, and for such other and further relief as is just.

Respectfully submitted,

___/S/James D. Pierce_____
James D. Pierce(15994500)

1 Sugar Creek Center Suite 1080
Sugar Land, TX 77478
(713) 650-0150
jim@jamespierce.com

ATTORNEY FOR APPELLANT,
James V. Long

## CERTIFICATE OF COMPLAINCE

This is to certify that the foregoing brief has 2775 words.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing brief has been served on the below listed counsel of record this 20TH day of April, 2015 through the Court's Electronic Filing System.

Brian P. Casey
6836 Bee Caves Suite 272
Austin, Texas 78746


Mark P. Hopkins
Hopkins & Williams, P.L.L.C.
12117 Bee Caves Road, Suite 260
Austin, TX 78738

<div align="center" style="margin-left:40%">

___/S/James D. Pierce_____
James D. Pierce

</div>

Notice sent: Final Interlocutory **None**

Disp Parties:_____

Disp code: CVD / CLS _____

Redact pgs: /Δ _____

Judge ____ 15 ____ Clerk ____ Pч ____

Filed In The District Court
of Travis County, Texas

JAN 21 2014

At _____ 5:00 P M.
Amalia Rodriguez-Mendoza, Clerk

**CAUSE NO. D-1-GN-10-003483**

| | | |
|---|---|---|
| **JAMES V. LONG,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **126th JUDICIAL DISTRICT** |
| | § | |
| **SOUTHWEST FUNDING, L.P., INDY** | § | |
| **MAC MORTGAGE SERVICES, ONE** | § | |
| **WEST BANK AND DEUTSCHE** | § | |
| **BANK NATIONAL TRUST CO.,** | § | |
| *Defendants.* | § | **TRAVIS COUNTY, TEXAS** |

## ORDER GRANTING DEFENDANTS ONEWEST BANK, FSB, INDYMAC MORTGAGE SERVICES AND DEUTSCHE BANK NATIONAL TRUST CO.'S MOTION FOR TRADITIONAL AND NO EVIDENCE SUMMARY JUDGMENT

On the 6th day of December 2013 came on to be heard Defendants OneWest Bank, FSB, Indymac Mortgage Services and Deutsche Bank National Trust Co.'s Motion For Traditional And No Evidence Summary Judgment (the "Motions"). After due consideration of the pleadings, the Motions, any responses, arguments of counsel and evidence and the law, this Court is of the opinion that the Motions should be GRANTED.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment and No Evidence Motion for Summary Judgment is in all things **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff take nothing by way of this suit against Indy Mac Mortgage Services, One West Bank, FSB and Deutsche Bank National Trust Co.

**IT IS FURTHER ORDERED** that Defendants, or their successors or assigns, are granted declaratory relief that they may lawfully proceed with the foreclosure sale of the property at issue in this litigation pursuant to the terms of the Deed of Trust and §51.002 of the Texas Property Code, such property being commonly known as

PAGE 1

608 Cutlass, Lakeway, Texas 78738 and legally described as follows:

> **LOT 349 AND 350, OF LAKEWAY, SECTION THREE, A SUBDIVISION IN TRAVIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT, OF RECORD IN VOLUME 22, PAGE 20, OF THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS**

Upon conveyance of the property by Substitute Trustee's Deed after public sale, Defendants will file a Report of Sale with the Court, and will thereafter petition the Court for an Order confirming that the public sale was held in accordance with the loan documents.

SIGNED on this the ___21ˢᵗ___ day of __JANUARY__ 2014.

_____
JUDGE PRESIDING
TIM SULAK

Order Submitted By:

**HOPKINS & WILLIAMS, P.L.L.C.**

_____
Mark D. Hopkins
State Bar No.: 00793975
Glenn A. Brown
State Bar No.: 00796255
12117 Bee Caves Road, Suite 260
Austin, Texas 78738
Phone: (512) 600-4320
Fax: (512) 600-4326

ATTORNEYS FOR DEFENDANTS
ONEWEST BANK, FSB, INDYMAC
MORTGAGE SERVICES AND DEUTSCHE
BANK NATIONAL TRUST CO.

Filed in The District Court
of Travis County, Texas

OCT 0 9 2014

At _2:15 P_ M.
Amalia Rodriguez-Mendoza, Clerk

### NO. <u>D-1-GN-10-003483</u>

| | | |
|---|---|---|
| JAMES LONG, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 126TH JUDICIAL DISTRICT |
| | § | |
| SOUTHWEST FUNDING L.P., INDY | § | |
| MAC MORTGAGE SERVICES, ONE | § | |
| WEST BANK AND DEUTSCHE | § | |
| BANK NATIONAL TRUST CO., | § | |
| Defendants | § | OF TRAVIS COUNTY, TEXAS |

### <u>ORDER GRANTING DEFENDANT SOUTHWEST FUNDING L.P.'S</u><br><u>MOTION FOR TRADITIONAL AND NO EVIDENCE SUMMARY JUDGMENT</u>

On the 9th day of October 2014, came on to be heard Defendant Southwest Funding L.P.'s Motion for Traditional and No Evidence Summary Judgment (the "Motions"). After due consideration of the pleadings, the Motions, any responses, arguments of counsel and evidence and the law, this Court is of the opinion that the Motions should be GRANTED.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment and No Evidence Motion for Summary Judgment is in all things **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff take nothing by way of this suit against Southwest Funding L.P.

SIGNED on this _9th_ day of _October_ 2014.

_____
JUDGE PRESIDING

1